for Glover's counsel's remarks concerning the past accident testimony. The case is remanded to the district court for a new trial consistent with this opinion.[7]

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

The parties shall bear their own costs of this appeal.

UNITED STATES of America, Plaintiff–Appellee,

v.

John F. GARFIELD, Sr., Defendant–Appellant.

No. 92–35233.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 25, 1993.*

Decided March 8, 1993.

7. BIC also contends the jury's award of punitive damages violates BIC's due process rights under the Fourteenth Amendment. We are aware the Supreme Court recently granted certiorari in *TXO Production Corp. v. Alliance Resources Corp.*, 187 W.Va. 457, 419 S.E.2d 870, *cert. granted,* — U.S. ——, 113 S.Ct. 594, 121 L.Ed.2d 532 (1992), in which a similar due process challenge to an award of punitive damages is presented.

We need not address the propriety of the punitive damage award in this case, however, because we reverse the general and punitive damage awards and remand the case for a new trial.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a) and Ninth Cir.R. 34–4.

John F. Garfield, Sr., pro se.

Klaus P. Richter, Asst. U.S. Atty., Billings, MT, for plaintiff-appellee.

Before: KILKENNY, SNEED, and FERGUSON, Circuit Judges.

SNEED, Circuit Judge:

John F. Garfield, a federal prisoner, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction and sentence. Garfield contends: (1) the district court improperly participated in the plea discussion in violation of Fed. R.Crim.P. 11(e)(1); (2) he was denied effective assistance of counsel; and (3) the district court failed to make adequate findings regarding disputed information in the presentence report as required by Fed. R.Crim.P. 32.

## I.

### FACTS AND PRIOR PROCEEDINGS

The United States charged Garfield with two counts of carnal knowledge of a minor female in violation of 18 U.S.C. §§ 1153, 2032, and one count of incest in violation of 18 U.S.C. § 1153 and Mont.Code Ann. § 45-5-507 (1991). Garfield pleaded not guilty to all three counts on February 10, 1986. On April 8, 1986, Garfield changed his plea to guilty on all three counts, pursuant to a plea agreement by which the United States agreed to recommend a sentence not longer than thirty years.

On May 16, 1986, Garfield moved to withdraw his guilty pleas and proceed to trial on the ground that his counsel had not properly advised him regarding the consequences of a guilty plea.[1] On May 28, 1986, the court held a hearing on Garfield's motion to withdraw his guilty pleas. At that hearing, the judge lectured Garfield on the alternate implications of pleading guilty or going to trial. On June 2, 1986, Garfield informed the court that he sought only to withdraw his guilty plea with regard to count III of his indictment. The judge requested that the three original guilty pleas be withdrawn and entered new guilty pleas on counts I and II.[2] On June 3, 1986, Garfield was sentenced to twenty-five years in prison on counts I and II. The court ordered count III of the indictment dismissed on June 4, 1986.

On June 13, 1986, Garfield moved for a reduction of sentence pursuant to Fed. R.Crim.P. 35. The court denied that motion on July 11, 1986. On June 4, 1991, Garfield filed a motion pursuant to 28 U.S.C. § 2255 to vacate his conviction and sentence. A sentencing court denied the motion without a hearing on December 30, 1991, and Garfield timely appeals.

## II.

### JURISDICTION AND STANDARDS OF REVIEW

The district court had jurisdiction pursuant to 18 U.S.C. § 3231. This court has jurisdiction under 28 U.S.C. §§ 1291 and 2255. We review the district court's denial of Garfield's section 2255 motion de novo. *Doganiere v. United States*, 914 F.2d 165, 167 (9th Cir.1990), *cert. denied,* ––– U.S. –––, 111 S.Ct. 1398, 113 L.Ed.2d 454 (1991).

## III.

### DISCUSSION

A. *Judicial Participation in Plea Discussions*

Garfield contends the district court violated Fed.R.Crim.P. 11(e)(1) by discussing the implications of pleading guilty with him at the hearing on May 28, 1986. This contention has merit.

The court is strictly barred from participating in plea discussions under Fed. R.Crim.P. 11(e)(1). This Circuit has interpreted Rule 11 as a "bright-line rule" prohibiting "all forms of judicial participation" before the parties have reached a plea agreement and disclosed the final agreement in open court. *United States v. Bruce*, 976 F.2d 552, 556 (9th Cir.1992) (quoting *United States v. Adams*, 634 F.2d 830, 835 (5th Cir.1981)). "[T]he sentencing judge should take no part *whatever* in any discussion or communication regarding the sentence to be imposed prior to the entry of a plea of guilty or conviction, or submission to him of a plea agreement." *Id.* (quoting *United States v. Werker*, 535 F.2d 198, 201 (2d Cir.), *cert. denied,* 429 U.S. 926, 97 S.Ct. 330, 50 L.Ed.2d 296 (1976)) (emphasis added to quotation). The rationale behind this blanket prohibition is threefold: (1) it ensures that no defendant is coerced into

---

1. The court held a hearing on May 21, 1986, during which Garfield's counsel requested that the court appoint new counsel because Garfield had questioned counsel's competence. The district court granted counsel's request and appointed new counsel for Garfield.

2. The judge felt that he had inadequately advised the defendant on the consequences of his pleas.

pleading guilty; (2) it protects the integrity of the courts; and (3) it preserves the judge's impartiality after plea negotiations are completed. *Id.* at 556–57. Thus, no matter how well motivated the district court may be, a district court's failure to follow Rule 11 is plain error. *Id.* at 554, 558.

■ Here, the court advised Garfield:

[Y]ou pled guilty already, you have made confessions.... So I know your situation, you say it was only in your mind and all that. The point is that probably, and I don't know how this is going to work out, you probably will be able to go to trial, but know this, if you carry this out—if there is somebody over there in that jail that is giving you legal advice, you better be terribly careful. He is not going to do the time.... Everybody is full of free advice. They don't go to jail. Now, this is the kind of a thing, and usually I can give you credit for pleading guilty—in this particular kind of case where you have your own baby and the neighbor child, little children—I do give credit, and Mr. Randono will go into this in great detail, and I am going [into] this for your sake now. I'm telling you that, and I don't know what will happen. If you go to trial, the jury may acquit you. That is a possibility.... I'm telling you this, as far as I'm concerned, for your own benefit. Now you can do whatever you want to do, but I want you to really think about it, and I don't want—the reason I brought you in here, I don't want some yardbird, some jailhouse lawyer over there telling you all your rights. There are many, many times when you get too many rights.

The district court may well have intended only to ensure that Garfield thought through the consequences of his actions. Nevertheless, the policy behind Rule 11 demands strict compliance with the letter of the law. Thus, the district court plainly erred by advising Garfield on the merits of pleading guilty, and, on remand, Garfield must be allowed to withdraw his plea, if he so wishes. *See id.* at 558.

### B. *Ineffective Assistance of Counsel*

Garfield contends on appeal that his conviction must be vacated because he was denied effective representation of counsel. Specifically, he challenges his counsel's failure to request the judge's recusal pursuant to 28 U.S.C. § 144 following the judge's remark about defendants having "too many rights." This claim has no merit.

■ A petitioner seeking to show that a judge should be recused because the judge has a personal bias against him must demonstrate that the alleged bias stems from an extrajudicial source. *United States v. Sibla,* 624 F.2d 864, 869 (9th Cir.1980).

■ In addition, to demonstrate ineffective assistance of counsel, a defendant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 690–92, 104 S.Ct. 2052, 2065–67, 80 L.Ed.2d 674 (1984). In order to demonstrate that counsel's performance was deficient, the petitioner must show that his counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985). There is a "strong presumption that counsel's conduct falls within the wide range of acceptable professional assistance." *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065.

■ Here, the judge's remark, taken alone, was inappropriate. Nevertheless, the judge made this comment in the course of ensuring that Garfield was not being misled by "jailhouse lawyers," advising Garfield on law which they do not have a license to practice. Nothing in the record indicates that the judge was improperly biased against Garfield. Thus, counsel's failure to move that the judge be recused from Garfield's case was not deficient, and we need not reach the second prong of the test.

### C. *Judicial Findings on Disputed Matters at Sentencing*

Garfield contends the district court relied on false information in the presentence re-

port to determine his sentence. This contention has merit.

 If a criminal defendant alleges a factual inaccuracy in the presentence report, the sentencing court is required either to make a finding as to the accuracy of the challenged factual proposition or to indicate that the court is not taking it into consideration. Fed.R.Crim.P. 32(c)(3)(D); *United States v. Edwards,* 800 F.2d 878, 880–81 (9th Cir.1986). Strict compliance with the rule is required. *United States v. Fernandez–Angulo,* 897 F.2d 1514, 1516 (9th Cir.1990) (en banc). If the district court has failed to make the requisite findings, this court must vacate the sentence and remand for resentencing. *Id.*

 In the instant case, Garfield disputed two matters in the presentence report. Garfield first contended that the report incorrectly indicated that he was arrested for burglary.[3] The district court, however, made no finding with regard to the validity of the robbery conviction. The district court also did not aver that it would not rely on that conviction in arriving at its sentence determination. Thus, the district court clearly failed to meet the requirements of Rule 32.

 Garfield also asserted that, although the presentence report recorded seventy-three tribal convictions in Garfield's name, many of those actually involved his cousin, who has a similar name. The court responded: "From what [counsel] told me, I don't know which of those seventy-three times he denies. Let's take half. Some of these are his, I take it?" Garfield's counsel responded affirmatively, and the court determined Garfield's sentence on that basis. Such a finding does not comport with the requirements of Rule 32. *See Fernandez–Angulo,* 897 F.2d at 1516.

We remand this case to the district court in order that Garfield may be allowed to replead. In the event that he chooses to renew his guilty plea, then he must be resentenced in accordance with the procedure discussed above.

VACATED and REMANDED.

---

**3.** Garfield asserts that, although the presentence report shows that he was arrested for a burglary on May 30, 1960 in Los Angeles, he was in custody in Colorado on that date.