12 F.3d 1109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth GREEN, aka Ken Green, aka Lee Kotomoto, aka Sam Yen,
aka Sammy Yen, and David Kenneth Brian, dbd Sikeston and
Westlands Rebrokerage; Ikumura Minerals Co.; Asian
American Mineral Group; Barrington, Rubin and Flaxx;
Kimberly Investment Group; Vendmaster; Eurovest
International; Precious Metal Incentives; Pacific Combine
Acquisitions; Wing Whitcobb, Inghower, and Coasts; Health
Science Equipment; Market One; Amos International Record
Merchandisers; Vend Master Marketing Concepts; and West
Asia Gem Group, Defendants-Appellants.
 No. 92-30385.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 4, 1993.
Dec. 1, 1993.
 
 Before: GOODWIN, SCHROEDER, and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant appeals the order denying his motion to withdraw his guilty plea on the ground that the district court improperly participated in plea agreement discussions in violation of Fed.R.Crim.P. 11(e)(1). We agree and reverse the judgment and remand for further proceedings.
 
 
 3
 Appellant was indicted on five counts of wire fraud and one count of conspiracy. On June 24, 1991, he lodged a plea agreement with the district court, and, on July 12, pleaded guilty to one count of conspiracy. On December 24, he moved to withdraw the guilty plea, and, after a hearing, the district court granted this motion.
 
 
 4
 On April 24, 1992, appellant lodged a new plea agreement with the district court in which he agreed to plead guilty to one count of wire fraud rather than one count of conspiracy. The information prepared by the government contained only one count but alleged several "overt acts" of fraud. On April 27, after a change of plea hearing, appellant pled guilty to the one count of wire fraud.
 
 
 5
 The plea agreement stipulated that appellant's sentence would be "left to the sound discretion of the Court pursuant to sentencing guidelines." The presentence report recommended a sentencing range of twenty-seven to thirty-three months, and the government sought an upward departure to result in a sentence of fifty-one months.
 
 
 6
 Prior to sentencing, however, appellant submitted a memorandum arguing that the individual acts of wire fraud alleged in the information had to be treated individually. He argued that each act must be defined as either a pre-Guidelines or a Guidelines offense. The district judge had a conference with the defense counsel and the prosecutor. The judge stated that "[i]n order to grant what the defense wants granted here, I think the Court would perhaps have to set aside the plea agreement." He explained that he could not impose separate sentences when appellant had pleaded guilty to only one count of wire fraud. The judge further explained that the parties could either go to trial or could enter into a new plea agreement which "separately stated and numbered as counts" the different overt acts.
 
 
 7
 After this conference, the defense counsel and the prosecutor agreed upon an 18-count amended information to which appellant pleaded guilty. The district court sentenced appellant to 138 months in prison.
 
 
 8
 Although appellant did not properly raise the Rule 11(e)(1) issue before the district court, he is entitled to raise it on appeal because "a district court's failure to follow Rule 11(e)(1) is 'plain error' reviewable for the first time on appeal." United States v. Bruce, 976 F.2d 552, 554 (9th Cir.1992).
 
 
 9
 Rule 11(e)(1) provides that the government and the defendant can enter into plea agreement negotiations. It concludes with the following sentence: "The court shall not participate in any such discussions." Fed.R.Crim.P. 11(e)(1). The Ninth Circuit has interpreted Rule 11 as "bright-line rule" which bars "all forms of judicial participation before the parties have reached a plea agreement and disclosed the final agreement in open court." United States v. Garfield, 987 F.2d 1424, 1426 (9th Cir.1993) (internal quotations and citations omitted). "The rationale behind this blanket prohibition is threefold: (1) it ensures that no defendant is coerced into pleading guilty; (2) it protects the integrity of the courts; and (3) it preserves the judge's impartiality after plea negotiations are completed." Id. at 1426-27.
 
 
 10
 In United States v. Bruce, 976 F.2d 552 (9th Cir.1992), for example, the judge warned the defendants prior to the entry of their pleas to "think seriously" about their choices because "[w]e are talking about a life sentence.... Versus a prospective 42 months [under the plea agreement]." Id. at 555. He also warned counsel that "[i]f it was my child [faced with this decision], I would think carefully about it, if it comes down to that, I have to give it." Id. On appeal, the Ninth Circuit held that the district judge had violated Rule 11 because he had participated in a "discussion of a plea agreement that ha[d] not yet been agreed to by the parties in open court." Id. at 556.
 
 
 11
 Similarly, in United States v. Anderson, 993 F.2d 1435 (9th Cir.1993), the court held that "the court's prospective refusal to accept a plea to fewer than the full thirty counts, and direction to the prosecutor not to offer any such deal in the future, usurped the government's role and made the judge a participant in the plea negotiation process." Id. at 1439.
 
 
 12
 In both Bruce and Anderson, the judge's participation occurred prior to the entry of a guilty plea or the disclosure in open court of the terms of any plea agreement. Garfield involved a different situation.
 
 
 13
 In Garfield, the defendant had entered not guilty pleas to three counts of sexual misconduct and then changed his pleas to guilty pursuant to a plea agreement. He later filed a motion to withdraw his guilty pleas. 987 F.2d at 1426. At the time of the hearing on this motion, therefore, the defendant had already disclosed a plea agreement and had entered a plea of guilty. The judge warned the defendant that he "better be terribly careful" in making this decision and that he should not be swayed by the advice of "some jailhouse lawyers over there telling you all your rights." Id. at 1427. Although the judge's participation occurred at a later juncture than in Bruce or Anderson, the Ninth Circuit found that the judge's comment amounted to improper judicial participation in a plea discussion because the parties had not yet "disclosed the final agreement in open court." Id. at 1426 (emphasis added).
 
 
 14
 In the present case, the judge's participation, as in Garfield, occurred after appellant had pleaded guilty pursuant to a plea agreement. Subsequent to appellant's guilty plea to one count of fraud, defense counsel submitted a memorandum suggesting a "split sentencing" scheme whereby appellant would be sentenced under both pre-Guideline and Guideline law. The judge called a special conference to address this issue.[1]
 
 
 15
 The judge discussed whether it was appropriate to sentence appellant under the Guidelines:
 
 
 16
 I had thought that this matter had been resolved until I saw what defense counsel's position on it was. And I think that if we're going to allow the defense counsel's position to be considered, it puts the court in an impossible situation. [The prosecutor] says, well, you can't do that because the Information is one count, and the Court can impose only one sentence. In order to grant what the defense wants granted here, I think the Court would perhaps have to set aside the plea agreement.
 
 
 17
 The judge then overstepped his bounds by suggesting a means of resolving this issue:
 
 
 18
 It does seem to me that if the parties can reach an agreement to separately state a number, that the Court could go through here then and separate, and that the Court could in fact impose two sentences, or at least consider imposing two sentences. I wouldn't want to promise to do that. But it would at least be possible for the Court to do that.
 
 
 19
 ....
 
 
 20
 It seems to me if the parties were to agree that the offense charged in the Information be separately stated and numbered as counts distinguishing between guidelines and pre-guidelines, that the parties could then further agree that the ... plea agreement be amended accordingly. I would think that the Defendant could enter individual pleas and we could proceed.
 
 
 21
 The judge failed to refrain from all participation in plea discussions until "the parties have concluded a plea agreement and have disclosed that final agreement in open court." Bruce, 976 F.2d at 555-56 (emphasis added). Appellant need not show that actual prejudice resulted from the judge's participation in the plea discussions. Id. at 558.
 
 
 22
 Furthermore, "[s]tatements and suggestions by the judge are not just one more source of information to plea negotiators; they are indications of what the judge will accept, and one can only assume that they will quickly become the focal point of further discussions." United States v. Adams, 634 F.2d 830, 835 (5th Cir.1981) (internal quotations and citations omitted). Indeed, that is exactly what happened in the case at hand. After the special conference called by the judge, the parties agreed that appellant would plead guilty to an 18-count amended information that "separately stated and numbered as counts distinguishing between guidelines and pre-guidelines" offenses.
 
 
 23
 Because the district judge improperly participated in the plea discussions, the plea cannot stand. Appellant's conviction is vacated and the case is remanded to the district court.
 
 
 24
 Appellant seeks the reassignment of further proceedings to a different district judge. This Circuit has not found such an order to be necessary in any of the Rule 11(e)(1) cases it has decided, and the facts of the present case do not warrant it.
 
 
 25
 Reversed and remanded.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The judge also called the conference to address whether appellant was no longer conceding that he had the intent to defraud his victims