21 F.3d 1116
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tony BIDDLES, Defendant-Appellant.
 No. 93-30319.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 24, 1994.*
Decided March 21, 1994.
 
 Before: WRIGHT, THOMPSON and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 On remand from our prior decision, United States v. Parker, Nos. 92-30144/30150/30173 (9th Cir. April 19, 1993), Judge Tanner made a two-level upward adjustment to Tony Biddles' base offense level for possessing a firearm while committing the offense to which he pleaded guilty.[1] U.S.S.G. Sec. 2D1.1(b)(1). Biddles timely appeals the upward adjustment. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 The presentence report recommended an upward adjustment, because a loaded .22 caliber pistol was found in the apartment where Biddles and his codefendants were arrested. The increase is appropriate if the defendant actually possessed, U.S.S.G. Sec. 2D1.1(b)(1), or constructively possessed the pistol, U.S.S.G. Sec. 1B1.3 (defendant must reasonably foresee codefendant's firearm possession); United States v. Garcia, 909 F.2d 1346, 1349-50 (9th Cir.1990) (gun found in car following drug arrest foreseeable).
 
 
 4
 Biddles challenged the factual accuracy of the presentence report. His affidavit said that he was unaware of the gun and never saw it. Pursuant to Fed.R.Crim.P. 32(c)(3)(D), the district judge found that the gun was in plain view and that Biddles could reasonably foresee its possession by a codefendant because he was involved in the drug offenses. See United States v. Garfield, 987 F.2d 1424, 1428 (9th Cir.1993) (court must make findings regarding possession). We review for clear error the district court's findings. Garcia, 909 F.2d at 1349; United States v. Stewart, 926 F.2d 899, 900 (9th Cir.1991).
 
 
 5
 The district court did not clearly err. The government supplemented the prior record with photographs that clearly showed the pistol was found in plain view. We have said before that there is a logical, although not inevitable, nexus between drugs and guns. See, e.g., United States v. Castaneda, 9 F.3d 761, 767 (9th Cir.1993). Considering that over 1.5 kilograms of crack cocaine and $39,000 in cash were found on the premises, we think that the district court did not clearly err in finding that Biddles knew about the gun and could have reasonably foreseen that the gun would be possessed by a coconspirator. See United States v. Sostre, 967 F.2d 728, 731-32 (1st Cir.1992) (reasonably foreseeable that codefendant would possess firearm to protect one kilogram of cocaine and $28,000 cash).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Biddles pleaded guilty to possessing cocaine with the intent to distribute, 21 U.S.C. Secs. 841(a) and 841(b)(1)(B), and possessing cocaine base with the intent to distribute, Secs. 841(a) and 841(b)(1)(A)