21 F.3d 1116
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Linus W. BOWMAN, Defendant-Appellant.
 No. 93-35029.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 28, 1994.
 
 Before: FLETCHER, BRUNETTI, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Linus W. Bowman appeals pro se the district court's summary dismissal of his 28 U.S.C. Sec. 2255 motion to correct his 16-year sentence imposed following his guilty plea to engaging in a continuing criminal enterprise and making false statements on tax returns. Bowman asserts that the district court violated Fed.R.Crim.P. 32(c)(3)(D) by failing to make findings on controverted matters in his presentence report and to append to the presentence report sent to the Bureau of Prisons either the findings on the controverted matters or a statement that the controverted matters would not be taken into account in sentencing. We review de novo, United States v. Garfield, 987 F.2d 1424 (9th Cir.1993), and we vacate Bowman's sentence and remand for resentencing.
 
 I. Background
 
 3
 Following his conviction for continuing criminal enterprise and filing false tax returns, Bowman filed a sentencing memorandum in which he disputed several facts contained in the presentence report. At his January 18, 1989, sentencing hearing, the district court imposed the sentence recommended by the presentence report but made neither written findings as to the disputed facts nor a written determination that the disputed facts would not be accounted for in sentencing.
 
 
 4
 On May 16, 1989, Bowman filed a motion pursuant to Fed.R.Civ.P. 35 for a reduction of sentence in which he alleged, among other things, that the district court relied on improper evidence in sentencing and failed to make findings on the controverted matters as required by Rule 32(c)(3)(D). The district court denied the Rule 35 motion on June 20, 1989, stating that there was no reason to reduce the 16-year sentence. In its order denying the Rule 35 motion, the district court stated that "[i]t also did not take into consideration any controverted matters when handing down a sixteen-year sentence to Linus Bowman."[1]
 
 
 5
 On May 13, 1991, Bowman filed a motion, construed by the district court as a Sec. 2255 motion to correct his sentence, in which he alleged that the district court failed to make findings regarding the controverted matters and failed to append such findings to the presentence report as required by Rule 32(c)(3)(D).
 
 
 6
 The district court denied the Sec. 2255 motion on the grounds that the motion was both successive and meritless.
 
 II. Discussion
 A. Successive Petitions
 
 7
 A district court may dismiss as successive a section 2255 motion if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application. Howard v. Lewis, 905 F.2d 1318, 1321 (9th Cir.1990). Here, the district court erred in dismissing as successive Bowman's section 2255 motion because the first prong was not satisfied: the district court had not previously made an adverse determination on Bowman's claims that the district court (a) failed to make, at sentencing, either findings as to the controverted matters or a determination that such findings are unnecessary and (b) failed to append a written record of such findings or determination to the presentence report sent to the Bureau of Prisons. We therefore address the merits of Bowman's application.
 
 B. Rule 32(c)(3)(D)
 
 8
 If a criminal defendant alleges a factual inaccuracy in the presentence report, the sentencing court is required either to make a finding as to the accuracy of the challenged factual proposition or to indicate that the court will not take the controverted matter into consideration. Fed.R.Crim.P. 32(c)(3)(D); Garfield, 987 F.2d at 1428. Strict compliance with the rule is required. Id. If the district court has failed to make the requisite findings, this court must vacate the sentence and remand for resentencing. Id.
 
 
 9
 Here, the district court made neither the requisite findings nor the alternative determination of non-consideration at sentencing. The district court's subsequent statement in its order denying Bowman's Rule 35 motion that it did not take the controverted matters into consideration is an insufficient remedy. United States v. Fernandez-Angulo, 897 F.2d 1514, 1516-1517 (9th Cir.1990) (en banc) (resentencing necessary notwithstanding that the district court stated in a post-sentencing order that it did not rely on any disputed allegations when imposing the sentence). See also United States v. Clay, 925 F.2d 299, 304-305 (9th Cir.1991) (remanding Bowman's co-defendant's case for resentencing because the district court did not make the requisite findings or determination nor append such findings to the presentence report sent to the Bureau of Prisons).
 
 
 10
 Accordingly, Bowman's sentence is vacated and the case is remanded to the district court for resentencing. At resentencing, the district court shall, as required by Rule 32(c)(3)(D), either make findings as to the controverted matters in the presentence report or make a determination that no such findings are necessary because the controverted matters will not be taken into account in sentencing. The district court shall append such findings and/or determinations to the presentence report it provides to the Bureau of Prisons.
 
 
 11
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On July 3, 1989, Bowman filed a pro se notice of appeal challenging the district court's denial of his Rule 35 motion. Asserting that his retained counsel refused to continue to represent him due to his inability to pay, Bowman filed a motion on July 13, 1989 for leave to proceed in forma pauperis on appeal and for appointment of counsel on appeal. Bowman moved to voluntarily dismiss the appeal on June 20, 1990. The motion was granted on June 27, 1990