33 F.3d 60
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Antonio BARRAGAN-ARELLANO, Defendant-Appellant.
 No. 93-35800.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 25, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Antonio Barragan-Arellano appeals the district court's dismissal of his petition for relief under 28 U.S.C. Sec. 2255. Barragan-Arellano was sentenced to 20 years' imprisonment in November 1989 upon his plea of guilty to narcotics offenses. He never appealed his sentence. He now contends that the government breached his plea agreement in 1989 by refusing to move for a departure below the statutory minimum sentence, and that the district court erred by refusing to depart below the government's recommendation to reward his substantial assistance. We decline to review these claims, and we affirm.
 
 
 3
 We review de novo the district court's denial of a motion under 28 U.S.C. Sec. 2255. United States v. Garfield, 987 F.2d 1424, 1426 (9th Cir.1993). "If a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error." United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993).
 
 
 4
 Barragan-Arellano asserts that he did not appeal his sentence because he was advised that doing so would jeopardize his chances of being transferred to a prison in Mexico. Even if this suffices to show cause for his failure to appeal, we conclude that Barragan-Arellano has not suffered actual prejudice. The plain language of his plea agreement put him on notice that the departure he seeks was contingent on the government's successfully buying ten kilograms of cocaine from one of his confederates. Because this transaction fell through, Barragan-Arellano could not reasonably have expected a lower sentence. See United States v. Sutton, 794 F.2d 1415, 1423 (9th Cir.1986) (terms of agreement are what parties "reasonably understood"). We affirm the denial of Barragan-Arellano's petition for relief. See Garfield, 987 F.2d at 1426.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3