34 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
R.L. ROGERS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-35914.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 26, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 R.L. Rogers, a federal prisoner, appeals pro se the denial of his 28 U.S.C. Sec. 2255 motion to vacate his 210-month sentence imposed following his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. Sec. 922(g)(1). Rogers contends that he was improperly sentenced as an armed career criminal under 18 U.S.C. Sec. 924(e). We have jurisdiction under 28 U.S.C. Sec. 2255. We review de novo, United States v. Garfield, 987 F.2d 1424, 1426 (9th Cir.1993), and affirm.
 
 
 3
 Rogers contends that he was improperly sentenced as an armed career criminal because in order to be classified as a career offender under U.S.S.G. Sec. 4B1.1, a defendant must have been convicted for a crime of violence. This contention lacks merit.
 
 
 4
 As the district court explained, Rogers was sentenced as an armed career criminal under 18 U.S.C. Sec. 924(e), and not as a career offender under U.S.S.G. Sec. 4B1.1. See U.S.S.G. Sec. 4B1.4 (Guidelines offense level and criminal history category applicable to defendant "who is subject to an enhanced sentence under the provisions of 18 U.S.C. Sec. 924(e)"); United States v. Canon, 993 F.2d 1439, 1441-42 (9th Cir.1993) (career offender provision of U.S.S.G. Sec. 4B1.1 does not apply to defendant who qualifies as armed career criminal under Sec. 924(e)). In order for a defendant to be classified as an armed career criminal, the offense of conviction need not be a crime of violence; Sec. 924(e) applies to defendants, like Rogers, who are convicted for violating 18 U.S.C. Sec. 922(g) and have three previous convictions for violent felonies or serious drug offenses. See 18 U.S.C. Sec. 924(e)(1).
 
 
 5
 Rogers also contends that the armed career criminal sentence enhancement violates equal protection. This contention lacks merit.
 
 
 6
 Predicate offenses under 18 U.S.C. Sec. 924(e) do not include "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored." 18 U.S.C. Sec. 921(a)(20). The determination whether a conviction falls into one of these categories is made "in accordance with the law of the jurisdiction in which the proceedings were held." Id.; see also United States v. Huss, 7 F.3d 1444, 1446 (9th Cir.1993). Rogers argues that Sec. 921(a)(20) violates equal protection because different states have different civil rights restoration statutes.
 
 
 7
 Fifth Amendment principles of equal protection require some rational basis for statutory distinctions among defendants. United States v. Sherbondy, 865 F.2d 996, 1003 (9th Cir.1988) (upholding 18 U.S.C. Sec. 922(g)(1) against challenge that it singles out felons for unequal treatment). Nonetheless, a statutory definition of a predicate offense does not violate equal protection by relying upon state law. United States v. Houston, 547 F.2d 104, 107 (9th Cir.1976) (per curiam) (upholding 18 U.S.C. App. Sec. 1202(a), the predecessor statute to 18 U.S.C. Sec. 924(e)); see United States v. Phelps, 17 F.3d 1334, 1345 (10th Cir.1994) (18 U.S.C. Sec. 921(a)(20) does not violate equal protection even though civil rights restoration statutes vary among states), petition for cert. filed, --- U.S.L.W. ---- (U.S. May 31, 1994) (No. 93-9404). Accordingly, Rogers's contention lacks merit.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Rogers's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3