36 F.3d 1104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin D. WESTWOOD, Defendant-Appellant.
 No. 94-35189.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 14, 1994.*
Decided Sept. 19, 1994.
 
 Before: BROWNING, WRIGHT, and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kevin Westwood appeals the denial of his Sec. 2255 petition to reduce his sentence for trying to buy two kilos of cocaine from undercover officers in a reverse sting. We affirm.[1]
 
 
 3
 Westwood was a would-be drug dealer living in Canada. He negotiated over the phone with undercover officers in the United States to purchase two kilos of cocaine for $41,000 in U.S. dollars. He was arrested upon entering the United States when he did not declare the $39,000 Canadian (approximately $35,000 U.S.) that he was carrying.
 
 
 4
 Judge Zilly did not clearly err when he found that Westwood intended to buy two kilos. United States v. Wilson, 900 F.2d 1350, 1355 (9th Cir.1990). That was the agreed deal.
 
 
 5
 Westwood could have avoided a two-kilo sentence by proving that he lacked the ability, and therefore the intent, to buy that much. United States v. Barnes, 993 F.2d 680, 682-84 (9th Cir.1993) (lack of intent implied from argument of incapability). But the fact that he had less than $41,000 in hand when arrested does not prove that he was incapable of ultimately completing the transaction at the agreed price. Id. at 684 (having only $200,000 of agreed $700,000 when arrested does not compel inference that incapable of raising other $500,000). And the undercover officers impliedly offered to cut him some kind of deal if he was going to be a continuing buyer.
 
 
 6
 Westwood was properly sentenced for two kilos. The district court did not err by denying his Sec. 2255 petition.[2]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4. Westwood's request to appear is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We have jurisdiction under 28 U.S.C. Sec. 2255. We review de novo denial of a Sec. 2255 petition. United States v. Garfield, 987 F.2d 1424, 1426 (9th Cir.1993). We review de novo application of the Sentencing Guidelines. United States v. Fagan, 996 F.2d 1009, 1017 (9th Cir.1993). We review for clear error findings of fact made and used during in sentencing. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992)
 
 
 [2]
 Westwood argues that a hearing was required. Not so, as he alleged no facts entitling him to relief. Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994)