39 F.3d 1189
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond Stanton MURRAY, Defendant-Appellant.
 No. 93-50450.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 3, 1994.
Decided Oct. 26, 1994.
 
 1
 Before: D.W. NELSON and NOONAN, Circuit Judges and KING, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 On February 22, 1993, Raymond Stanton Murray pled guilty to a one count indictment of being a felon in possession of 25 or more firearms in violation 18 U.S.C. Sec. 922(g)(1). Although the government contended that Murray possessed 58 firearms, the parties agreed that the number of guns would be established at sentencing. On May 3, 1993, Murray made a motion to substitute counsel, which the district court granted. On that same day, Murray also moved to withdraw his guilty plea to challenge the validity of his prior conviction. The district judge informed Murray that he was not going to act on the motion to withdraw at that time because he was "not convinced that that motion [was] necessary." The judge made similar comments in a subsequent hearing and eventually denied the motion.
 
 
 4
 At the sentencing hearing, the district court found that Murray did not possess the guns solely for collection purposes and thus denied Murray's request for a six-level reduction in his guideline range pursuant to U.S.S.G. Sec. 2K2.1(b)(2). At that time, the district court also determined that although 16 of the guns found in the safe of Murray's residence belonged to his fiancee, he had control of the guns and thus possessed them for purposes of sentencing.
 
 
 5
 On June 14, 1993, the district court sentenced Murray to 30 months in prison as required by the Sentencing Guidelines. On appeal Murray raises several claims. We conclude that the district court's comments regarding Murray's motion to withdraw his plea were not improper and thus we affirm Murray's conviction. We also conclude that the district court's denial of Murray's request for an offense level reduction for being a firearm collector was proper. Finally, we agree with Murray that there is no evidence to support the district court's finding that he possessed and exercised dominion and control over the 16 guns that belonged to his girlfriend and thus we vacate Murray's sentence and remand to the district court for resentencing.
 
 DISCUSSION
 
 6
 1. The District Court Did Not Violate Rule 11
 
 
 7
 When Murray's attorney made a motion to withdraw the guilty plea in order to challenge a prior conviction, the district judge explained that Murray was entitled to challenge his prior conviction, but that the court did not "feel that it [was] necessary to grant" the motion at that time. The district judge also stated that he did not think the Guidelines applied to a conviction such as Murray's, which occurred more than 15 years ago, and therefore that he had full discretion to sentence Murray. The district judge stated: "So that counsel don't do unnecessary work, I can tell you that I look at this case as a case where probation would be appropriate if I'm empowered to grant probation. I don't see the defendant as a criminal at all. He's simply a person who likes to collect guns.... If I have the power to impose what I think is a fair sentence, I think the sentence is probation so we need to put the matter over until this factor [the applicability of the Guidelines] can be explored." Based on the district court's belief that the Guidelines did not apply, the court declined to decide the motion to withdraw the plea. The district judge, however, was mistaken about the applicability of the Guidelines. As the government later explained, the Guidelines applied to Murray's case, even though the felony had been committed 29 years earlier. When Murray made another motion to withdraw the plea, the district court denied it and proceeded to sentence him under the Guidelines.
 
 
 8
 Murray contends that the district court's comments concerning the potential for a probationary term violated Rule (11)(e)(1) as interpreted by this court in United States v. Bruce, 976 F.2d 552 (9th Cir.1992).
 
 
 9
 The determination of whether the district court violated Rule 11(e)(1) "is a purely legal question that we review de novo." Id. at 555. It is well established that a court "is strictly barred from participating in plea discussions under Fed.R.Crim.P. 11(e)(1)." United States v. Garfield, 987 F.2d 1424, 1426 (9th Cir.1993). A violation of Rule 11(e)(1) requires reversal no matter how well intentioned the district court or how harmless the error. Bruce, 976 F.2d at 557.
 
 
 10
 The question before us is whether, under Rule 11(e)(1), the district court was prohibited from making any comments with regard to Murray's motion to withdraw his plea. In Garfield, the court held that the district court's comments discouraging the defendant from withdrawing his guilty plea were improper. 987 F.2d at 1427. In that case, however, the district court had made some comments to ensure that the defendant had not been misled by jailhouse lawyers and while telling the defendant that he could do as he pleased, the court lectured the defendant on the merits of foregoing trial. See id. As the government points out, however, this case is distinguishable from Garfield in that the district judge did not comment on the desirability of entering a guilty plea, but rather addressed the merits of Murray's motion to withdraw the plea and suggested that such a motion probably would be unnecessary. Murray, however, never has suggested that he is innocent. In addition, Murray does not argue that his plea was involuntary or that it lacks a factual basis.
 
 
 11
 At the time Murray entered his guilty plea, the district judge properly questioned him as to the voluntariness of his plea, carefully established that a factual basis for the plea existed, and did not comment on the merits of plea bargaining. Even when Murray made a motion to withdraw the plea to challenge his earlier conviction, the district judge did not comment on the desirability of plea bargaining, but merely told Murray's attorney that the motion might turn out to be unnecessary. When the government informed the district court that the Guidelines did apply to Murray, the court allowed Murray to make his motion, although he eventually denied it.
 
 
 12
 The absolute prohibition under Rule 11 is designed (1) to ensure that no defendant is coerced into pleading guilty; (2) to protect the integrity of the courts; and (3) to preserve judicial impartiality. Garfield, 987 F.2d at 1426-27. The district judge's suggestion that Murray defer his decision to withdraw the plea until the court could determine whether the motion was necessary did not implicate any of the goals of Rule 11. Accordingly, we conclude that the district court did not violate Rule 11 and affirm Murray's conviction.
 
 
 13
 2. Murray Is Not Entitled to a Six-Level Offense Reduction for Being a Firearm Collector
 
 
 14
 Under U.S.S.G. Sec. 2K2.1, a defendant convicted of being a felon in possession of a firearm may receive a six-level reduction in the base offense level if he can show by a preponderance of the evidence that he possessed all ammunitions and firearms solely for lawful sporting purposes or collection and did not use such firearms or ammunition unlawfully. U.S.S.G. Sec. 2K2.1(b)(2). Murray contends that the district court erred when it found that Murray had failed to show that he possessed the guns solely for the purpose of collection or sporting.
 
 
 15
 The proper interpretation of the Sentencing Guidelines is reviewed de novo, United States v. Koenig, 952 F.2d 267, 271 (9th Cir.1991), while all factual findings are reviewed for clear error, id.
 
 
 16
 In rejecting Murray's request for an adjustment for being a firearm collector, the court explained that under subsection 2K2.1, Murray had the burden of proving that he possessed the guns solely for collection or sporting purposes and that Murray had not met his burden. The court reasoned that, because Murray had been convicted of a misdemeanor for unlawfully having a weapon in his car, the court could not find that he was entitled to the reduction for being a collector. Moreover, Murray himself declared that he kept some of the guns loaded to protect himself against alleged death threats he had received from his ex-wife. The record reveals that Murray kept several of the guns loaded and, according to expert testimony, the manner in which he stored his guns strongly suggested that he was not a collector.
 
 
 17
 Therefore, there is ample evidence to support the district court's conclusion that Murray was not a collector.
 
 
 18
 3. The District Court Erred in Finding that Murray Possessed 58 firearms
 
 
 19
 Murray contends that 16 of the guns recovered from his residence belonged to his fiancee, Ms. Porter, and, thus, that he did not possess all 58 guns. If the court had found that Murray was responsible for fewer than 49 guns, he would have received a five-level enhancement instead of a six-level enhancement.
 
 
 20
 The district court believed Ms. Porter's testimony that she owned 16 of the guns found in the safe located in the garage that belonged to her. The court also believed that Ms. Porter was the only person who knew the combination of that safe and that Murray could not have accessed the guns without asking Ms. Porter to open the safe. The court, however, concluded that because some of Murray's guns were also in the safe and because all the guns were "accessible to him for the asking," Murray possessed all 58 guns.
 
 
 21
 The district court's ruling was based on a legal conclusion that, for purposes of applying U.S.S.G. Sec. 2K2.1(b)(1), Murray possessed 58 guns because he had access to all the guns found at his residence. This is a question of law which we review de novo. See Koenig, 952 F.2d at 271.
 
 
 22
 In United States v. Terry, 911 F.2d 272 (9th Cir.1990), the court explained that, under Ninth Circuit law, "if a party has knowledge of the weapon and both the power and the intention of exercising dominion and control over it, then he has constructive possession." Id. at 278 (citing cases) (emphasis supplied). According to the Terry court, there is a crucial difference between possession and "mere presence or accessibility," id. at 280, but someone could exercise dominion or control over something through another person, id. at 279. In Terry, the court held that the following jury instruction accurately reflected the law of constructive possession:
 
 
 23
 A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or person[s], is then in constructive possession of it.
 
 
 24
 Id.
 
 
 25
 The Terry court further held that the defendant's "knowledge of the gun's location and his unhindered access to it whenever his wife was not observing gave him constructive possession of it." Id. at 278.
 
 
 26
 In this case, the district court incorrectly relied on Murray's "mere accessibility" to the guns to support the conclusion that Murray constructively possessed all the guns in the safe. There is no evidence in the record that Murray exercised "dominion or control" over the guns. Accordingly, we vacate Murray's sentence and remand to the district court for resentencing.
 
 CONCLUSION
 
 27
 We conclude that the district court's comments regarding Murray's motion to withdraw his guilty plea were not improper and that the district court did not err in determining that Murray was not entitled to an offense level reduction for being a firearm collector. We also conclude that the district court's determination that Murray possessed the 16 guns that belonged to Ms. Porter was erroneous and thus we vacate Murray's sentence and remand for resentencing.
 
 
 28
 AFFIRMED IN PART, REMANDED IN PART.
 
 
 
 *
 The Honorable Samuel P. King, United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3