**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Mark Steven MANDERSON, Defendant—Appellant.**

**United States of America, Plaintiff—Appellee,**

v.

**Leslee Jean Manderson, aka Leslee Jean Conner Manderson, Defendant—Appellant.**

**Nos. 07–50398, 07–50399.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 18, 2008.

Filed Dec. 22, 2008.

---

** The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Robert J. Keenan, Office of the U.S. Attorney, Santa Ana, CA, Michael J. Raphael, Esquire, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Kenneth M. Miller, Esquire, Bienert, Miller, Weitzel & Katzman, San Clemente, CA, for Defendant–Appellant, Mark Steven Manderson.

John Michael Rappaport, Assistant Federal Public Defender, Office of the Federal Public Defender, Los Angeles, CA, for Defendant–Appellant, Leslee Jean Manderson.

Before: GRABER and CLIFTON, Circuit Judges, and REED,* District Judge.

MEMORANDUM **

Mark and Leslee Manderson pleaded guilty to charges of bankruptcy fraud and conspiracy to commit bankruptcy fraud in early 2006. Mark Manderson was sentenced to a 16–month term of im-

---

* The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

prisonment, and Leslee Manderson was sentenced to 12 months and one day of imprisonment. The two were also held jointly and severally liable for $506,000 in restitution. Both defendants appeal the award of restitution, and Leslee Manderson appeals the imposition of a term of imprisonment instead of home confinement. We vacate and remand the order of restitution for both defendants, and we affirm Leslee Manderson's prison sentence.

## I. Restitution as to Both Defendants

The district court ordered the Mandersons to pay $506,000 in restitution, which represented the value of the assets the district court found that the Mandersons concealed in their bankruptcy proceedings. The Mandersons challenge only the district court's valuation method and the legality of the restitution order.

This court reviews de novo the district court's valuation methodology. *United States v. Davoudi,* 172 F.3d 1130, 1134 (9th Cir.1999). We also "review de novo the legality of a restitution order, but if the order is within the statutory bounds, we review the amount for abuse of discretion." *United States v. Phillips,* 367 F.3d 846, 854 (9th Cir.2004).

The Sentencing Guidelines require a district court "to order restitution for the full amount of the victim's loss when a statute authorizes such orders." *Id.* at 863 (internal quotation marks omitted). Here, a statute authorizes such an order: under the Mandatory Victims Restitution Act of 1996 (MVRA), a sentencing court "shall order" restitution to make a victim of a crime whole. 18 U.S.C. § 3663A(a)(1). A victim is "a person … [that] sustained a loss that is monetary or that otherwise is readily measurable in money." *United States v. Armstead,* No. 06–30550, 2008 WL 4570608, at *6 (9th Cir. Oct.15, 2008)

(footnote and internal quotation marks omitted).

■ The restitution amount is limited to the victim's actual loss. *United States v. Rodrigues,* 229 F.3d 842, 845 (9th Cir. 2000) (under the Victim and Witness Protection Act of 1982 (VWPA), restitution may be ordered "up to the amount actually lost by the victims"); *see also United States v. Gordon,* 393 F.3d 1044, 1048 (9th Cir.2004) ("courts interpreting the MVRA may look to and rely on cases interpreting the VWPA as precedent"). This case involves bankruptcy fraud, so the victims' losses are measured by comparing how they would have fared had the Mandersons followed the law with how they actually fared because of the Mandersons' fraud. *E.g., United States v. Bussell (Bussell II),* 504 F.3d 956, 964–65 (9th Cir.2007), *cert. denied,* —— U.S. ——, 129 S.Ct. 40, 172 L.Ed.2d 20 (2008).

Had the Mandersons acted lawfully, all of their assets and debts would have been disclosed in their bankruptcy filings. Their assets would have included the concealed assets, including the value of the rental properties and the BMW. In addition, the Subkowskis, JBR, and Balen (the Subkowski parties) would have been listed as creditors.

■ The Subkowski parties received more than they would have been paid had the Mandersons followed the law, so they are not "victims" for purposes of the MVRA. Nevertheless, the value of the concealed assets could have been paid out only once. If the Subkowski parties had not been able to collect separately, it cannot be assumed that they would not have collected a pro rata share through the bankruptcy. Absent a finding that they would not have (based on findings, for example, that they would not have in fact pursued the claims or that their claims

would not have been recognized by the bankruptcy court), the amount available for distribution to the remaining creditors would not have been as much as the amount set in the restitution order. The amount of restitution that should be ordered is the difference between the amount the creditors other than the Subkowski parties would have received (taking into account what the Subkowski parties would have received), and the amount they actually received.

## II. Leslee Manderson's Sentence

Leslee Manderson raises four issues regarding her sentence of a year and a day in prison. We address each in turn.

### A. Leslee Manderson's Objections to the Presentence Report

■ Leslee first argues that the district court failed to comply with Federal Rule of Criminal Procedure 32(i) when it considered the ownership of the rental properties in sentencing her to a term of imprisonment. We review the sentencing court's compliance with Rule 32(i) de novo. *United States v. Carter*, 219 F.3d 863, 866 (9th Cir.2000).

At sentencing, the court "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing. . . . " FED.R.CRIM.P. 32(i)(3)(B). "Strict compliance with the rule is required." *United States v. Garfield*, 987 F.2d 1424, 1428 (9th Cir.1993).

The district court's ruling comports with the requirements of Rule 32(i). The district court's sentence does not depend on who owned which assets at any given point in time. Rather, as the district court found, it is highly likely that Leslee knew that Mark owned the concealed properties, and it was her silence in light of this knowledge that shows her participation in the concealment.

### B. Request for a Minor or Minimal Participant Departure,

Leslee next argues that the district court imposed a procedurally improper sentence by not granting her a reduction for a minor or minimal role. "Whether a defendant is a 'minor' or 'minimal' participant in the criminal activity is a factual determination subject to the clearly erroneous standard." *United States v. Sanchez–Lopez*, 879 F.2d 541, 557 (9th Cir. 1989).

If the defendant in a criminal case was a minor or minimal participant, a court may reduce the defendant's offense level. *See* U.S.S.G. § 3B1.2(a), (b). To be a minor or minimal participant means that "the defendant was substantially less culpable than his or her co-participants." *United States v. Cantrell*, 433 F.3d 1269, 1283 (9th Cir. 2006) (internal quotation marks omitted). Downward departures under § 3B1.2 are to be given "infrequently and only in exceptional circumstances," *United States v. Pena–Gutierrez*, 222 F.3d 1080, 1091 (9th Cir.2000) (internal quotation marks omitted), and the defendant has the burden of proving that she is entitled to the downward departure. *Id.*

■ The district court did not err in concluding that, when compared with Mark, Leslee's role was neither minor nor minimal. That her husband owned some of the hidden assets before marriage does not demonstrate that Leslee was unaware of their existence or of their concealment. Moreover, both Leslee and Mark filed the fraudulent Schedule of Assets, which was signed under penalty of perjury. Further, Leslee offered false testimony at the debt-

or's examination when she said that the money used to pay for the BMW was inherited from relatives. Finally, Leslee would have received an economic benefit from the fraud had the Mandersons gotten away with it, since much of the debt listed on their bankruptcy schedules was community debt.

## C. Relevant Conduct Considered in Leslee Manderson's Sentencing

■ Leslee next argues that the district court relied improperly on non-criminal conduct when sentencing her. Specifically, she contends that evidence that she and Mark continue to live a life of relative luxury at the expense of her parents was not relevant to her sentencing and should not have been considered by the district court.

This court reviews for clear error whether conduct extraneous to an offense of conviction is relevant conduct for purposes of a sentencing enhancement. *United States v. Hahn*, 960 F.2d 903, 907 (9th Cir.1992). In sentencing for crimes involving the concerted actions of several parties, the Sentencing Guidelines provide that a defendant's base offense level shall be determined in part by "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity...." U.S.S.G. § 1B1.3(a)(1)(B).

The district court did not commit clear error: the evidence of Leslee Manderson's parents' financial assistance, to the extent it was considered at all, did not bear on the sentence imposed. At the hearing when the court granted Leslee bail pending appeal, the district court recited the facts relevant to the role adjustment and did not refer to her parents. In addition, when deciding that Leslee should not be granted a four-level departure for being a minimal participant, the district court looked to her role in committing the fraud and not to her parents' support of the Manderson family.

## D. Whether Leslee Manderson's Sentence Is Greater Than Necessary

■ Leslee last argues that the district court erred by sentencing her to a sentence greater than is necessary to achieve the 18 U.S.C. § 3553(a) objectives. When reviewing a sentence, this Court first considers "whether the district court committed significant procedural error," then it considers "the substantive reasonableness of the sentence." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir.2008) (en banc) (citing *Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007)). Appellate review is limited "to determine whether the sentence is reasonable; only a procedurally erroneous or substantively unreasonable sentence will be set aside," and the abuse of discretion standard applies. *Id.*

The district court's sentence was not procedurally erroneous or substantively unreasonable, and the district court did not abuse its discretion in imposing a term of imprisonment. The district court's ruling considered the relevant sentencing factors set forth in § 3553(a), and the sentence falls within the recommended guidelines.

**VACATED AND REMANDED IN PART; AFFIRMED IN PART.**