**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30441 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00344-RSL-1 |
| v. | |
| CLAYTON ROUECHE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Argued & Submitted October 8, 2010
Seattle, Washington

Before: THOMAS and M. SMITH, Circuit Judges, and COLLINS, District
Judge.[**]

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36-3.

[**]  The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

1

Defendant-Appellant Clayton Roueche appeals from his sentence following a guilty plea to conspiracy to export cocaine, conspiracy to import marijuana, and conspiracy to engage in money laundering. The District Court for the Western District of Washington, Judge Robert S. Lasnik presiding, sentenced Roueche to a total term of 360 months. The parties are presumed to be familiar with the remaining facts, and we do not recount them here except as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291 and reverse and remand for resentencing in accordance with Federal Rule of Criminal Procedure 32(i)(3).

There are three issues on appeal: (1) whether resentencing is required under Rule 32(i)(3) because the district court did not make findings regarding or disavow reliance on disputed facts; (2) whether resentencing is required because the district court abused its discretion in refusing to rule on whether it would consider the declarations of Daniel LeClerc and Kenneth Davis; and (3) whether the district court improperly considered crimes committed outside the United States in fashioning its sentence.

I.      *The District Court's Compliance with Rule 32(i)(3)*

We review *de novo* whether a district court complied with Federal Rule of Criminal Procedure 32. United States v. Herrera-Rojas, 243 F.3d 1139, 1142 (9th

Cir. 2001); United States v. Tam, 240 F.3d 797, 803 (9th Cir. 2001).

Strict compliance with Rule 32 is required. United States v. Saeteurn, 504 F.3d 1175, 1178 (9th Cir. 2007) (quoting United States v. Garfield, 987 F.2d 1424, 1428 (9th Cir. 1993) (internal citations omitted)). When a district court fails to make the findings required under the rule, remand for resentencing is required. Garfield, 987 F.2d at 1428. If the district court chooses not to rely on the disputed facts, it does not need to resolve the dispute, but it must make its disavowal express on the record. See United States v. Carter, 219 F.3d 863, 867 (9th Cir. 2000).

Not all objections will trigger the court's obligations under Rule 32. First, the objection must relate to facts that would tend to affect the length of the sentence imposed. Saeteurn, 504 F.3d at 1179-80. Second, a defendant must make a specific factual objection. United States v. Stoterau, 524 F.3d 988, 1011 (9th Cir. 2008). A specific factual objection is one that points out factual inaccuracies, not just recommendations, opinions, or conclusions. Carter, 219 F.3d at 867; United States v. Lindholm, 24 F.3d 1078, 1085 n.7 (9th Cir. 1994).

The district court here was not required to address most of Roueche's objections because they were not factual, specific, or related to the length of his sentence. However, the district court was required to resolve Roueche's objections to parts of the LeClerc declaration and his objections concerning a wiretapped

3

conversation. Specifically, the district court was required to resolve Roueche's objections to LeClerc's claim that he was pressured, intimidated, or threatened into working for the UN Gang by Roueche, and LeClerc's claim that Roueche supervised him. The district court was also required to resolve Roueche's objection to the government's characterization of a conversation he had regarding an extortion scheme that was captured on wiretap.

Roueche's objections to LeClerc's declaration and to the wiretapped conversation were factual and specific. Roueche challenged the accuracy of specific facts and provided an alternate version or interpretation. These objections were also relevant to the length of the sentence imposed since they bore directly on his history and characteristics, which the court was required to consider under 18 U.S.C. § 3553(a)(1).

At sentencing, the district court failed to make findings regarding LeClerc's declaration and wiretap conversations. Specifically, it refused to strike LeClerc's declaration but also assured the parties that it did not believe everything put forth in the declaration. It also refused to rule on which version of the wiretap conversation it accepted while affirmatively stating it would consider Roueche's wiretap conversations. Since we are "left guessing whether the district court recognized, contemplated, and resolved the . . . objection[s]," remand for

4

resentencing is required. United States v. Houston, 217 F.3d 1204, 1209 (9th Cir. 2000).

## II.    *Use of the LeClerc and Davis Declarations at Sentencing*

We review for abuse of discretion determinations regarding the reliability of evidence for the purposes of sentencing. United States v. Felix, 561 F.3d 1036, 1040 (9th Cir. 2009), cert. denied, 130 S.Ct. 256 (2009); United States v. Alvarado-Martinez, 556 F.3d 732, 735 (9th Cir. 2009). Failure to exercise discretion can constitute an abuse of discretion. Caudle v. Bristow Optical Co., Inc., 224 F.3d 1014, 1027 (9th Cir. 2000) (quoting Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990)).

A district court has wide latitude in the evidence it can consider at sentencing. It may consider information that would not be admissible at trial so long as it "has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a).; Felix, 561 F.3d at 1042. However, it must make clear what it is considering and what it is not. Fed. R. Crim. P. 32.

The district court here abused its discretion when it refused to rule on Roueche's objections to the declarations of LeClerc and Davis while at the same time noting that portions of the declarations were unreliable. The court was obligated to make findings as to which portions it would consider, and its failure to

5

do so was an abuse of discretion.

*III.   Use of Crimes Committed Outside the United States at Sentencing*

We review the district court's consideration of Roueche's actions in Canada *de novo* as a legal interpretation of sentencing guidelines. United States v. Azeem, 946 F.2d 13, 15 (2d Cir. 1991).

A district court's consideration of a defendant's foreign actions does not violate the presumption against extraterritorial application of American laws, because it is not an extraterritorial application of American laws. While there is no case law directly on point, it is helpful to note that Black's Law Dictionary defines "extraterritorial jurisdiction" as "a court's ability to exercise power beyond its territorial limits." Black's Law Dictionary 929 (9th ed. 2009). Under this definition, a court must reach beyond its territorial limits to exercise power over a case or issue that it could not otherwise reach.

The district court here did not reach out beyond its territorial limits to hold Roueche criminally liable for his actions in Canada by convicting him on charges stemming from his behavior in Canada. While it is unclear to what extent the district court did consider non-charged actions that occurred in Canada, it is also clear that these actions were not used in setting the base offense level or to enhance the sentencing range in any way. If the district court considered Roueche's actions

in Canada in forming the sentence it imposed, it was merely using that information to create a more detailed picture of Roueche in order to impose the most appropriate sentence. This is permissible under 18 U.S.C. § 3553(a)(1).

*IV.    Conclusion*

Remand for resentencing is required in this case so that the district court can comply with the requirements of Federal Rule of Criminal Procedure 32 and make clear what information forms the basis of Roueche's sentence. The district court shall identify and rule on all specific factual objections that relate to the length of Roueche's sentence or make express its disavowal of the information.

**REVERSED AND REMANDED**.