**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**John HANOUM, Defendant–Appellant.**

**No. 90–10048.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 1994.

Decided Aug. 26, 1994.

Anthony P. Capozzi, Fresno, CA, for defendant-appellant.

Nancy L. Simpson, Asst. U.S. Atty., Sacramento, CA, for plaintiff-appellee.

Before: CHOY, LEAVY, and KLEINFELD, Circuit Judges.

Appeal from the United States District Court for the Eastern District of California.

CHOY, Circuit Judge:

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant John Hanoum was convicted after a jury trial of conspiring to manufacture and distribute methamphetamine, manufacturing and aiding and abetting the manufacture of methamphetamine, possession with intent to distribute methamphetamine, and the use of a firearm during and in relation to a drug trafficking crime, in violation of 21 U.S.C. §§ 846 & 841(a)(1), and 18 U.S.C. §§ 2 & 924(c)(1). We affirm.

In connection with his arrest, Hanoum was seen coming out of a building which was later found to house an operating methamphetamine laboratory (hereinafter "the lab") on a Garden Valley property at the time officers were executing a search warrant on that property. He was wearing rubber boots and gloves, and methamphetamine traces were found on his clothing. Items belonging to Hanoum, including a pistol, were found inside the lab.

Trial of Hanoum and his codefendants was held jointly. Hanoum was represented by an attorney. Hanoum's attorney at trial made no opening statement, but did present witnesses. Hanoum never took the stand to testify, although he claims that his understanding was that he would take the stand. Hanoum is represented by a different attorney on appeal.

Hanoum was convicted on June 29, 1989. In December, Hanoum filed a composite motion for new trial pursuant to Federal Rule of Criminal Procedure 33 as well as 28 U.S.C. § 2255. Both motions relied upon claims of ineffective assistance of counsel, denial of the right to testify, and conflict of interest. On January 19, 1990, in separate orders, the district court denied both motions. However, only the denial of the motion for new trial under Rule 33 is before this court.

## II. DISCUSSION

### A. Newly Discovered Evidence:

Hanoum claims that the district court erred in dismissing his Rule 33 motion for a new trial as untimely. Relying on *Baumann v. United States*, 692 F.2d 565 (9th Cir.1982), the district court held that because the motion for a new trial was based upon a claim of ineffective assistance of counsel, it was not based on "newly discovered evidence", and therefore was untimely, as it was not brought within seven days of the verdict.

Hanoum argues that the district court erred in holding that ineffective assistance of counsel can never constitute new evidence under Rule 33. Hanoum claims that ineffective assistance of counsel can constitute new evidence if the ineffectiveness claim is based upon facts which were unknown to the accused at the time of trial. Hanoum relies on this court's statement that "we are not at liberty to disregard the explicit directive of Rule 33 and exempt from the 7–day limitation claims of ineffective assistance of counsel *based upon facts known to the accused at the time of trial.*" *United States v. Lara–Hernandez*, 588 F.2d 272, 275 (9th Cir.1978) (emphasis added). Hanoum argues that this language implies that if the underlying facts are unknown to the accused at the time of trial,

the ineffective assistance of counsel can be considered as "new evidence."

Hanoum claims that both *Lara–Hernandez* and *Baumann* are distinguishable, because the facts underlying the ineffectiveness claim were known to the accused during the trial. Hanoum argues that his claim is based on facts *not* known to the accused at the time of trial, because he had been deliberately misled by his own attorney. After Hanoum was convicted, he claims to have discovered some disturbing facts about his trial attorney. Allegedly, his attorney never tried to contact witnesses identified by Hanoum (and in at least one case refused to speak with a potential witness), although he told Hanoum that he had tried but was unable to contact those witnesses. Hanoum claims that his attorney forged Hanoum's signature on certain checks, falsified fee arrangements, and transferred Hanoum's and Hanoum's family's assets into the attorney's own name, allegedly to prevent seizure by the Government, but then proceeded to sell those assets and keep the profits. Finally, Hanoum claims that his attorney was having a sexual liaison with Hanoum's wife. On the basis of these allegations, it is asserted that his attorney had every incentive to want Hanoum to remain in prison, thereby creating a conflict of interest. Hanoum claims that he did not know these things until after the trial was over.[1]

Hanoum is correct in that this court has not explicitly held that ineffective assistance of counsel can never constitute newly discovered evidence, as we have never directly addressed the issue of whether an ineffectiveness claim based on facts unknown to the accused can support a Rule 33 motion based on newly discovered evidence. However,

when faced with the same issue, the Third Circuit rejected the argument that a Rule 33 "newly discovered evidence" motion could be brought on the basis of newly discovered ineffective assistance of counsel:

> This theory, however, must confront the fact that our test for newly discovered evidence requires that the evidence "must be such, and of such nature, as that, on a new trial, the newly discovered evidence would *probably produce an acquittal.*" This language certainly suggests that newly discovered evidence must generally, if not always, be evidence related to the issues at trial, not evidence concerning separate legal claims such as ineffective assistance of counsel.

*United States v. DeRewal,* 10 F.3d 100, 104 (3rd Cir.1993) (citations omitted), *cert. denied,* —— U.S. ——, 114 S.Ct. 1544, 128 L.Ed.2d 196 (1994).

We have also held that the newly discovered evidence "must be material to the issues involved, not merely cumulative or impeaching, and must indicate that a new trial probably would produce an acquittal." *United States v. Lopez,* 803 F.2d 969, 977 (9th Cir. 1986), *cert. denied,* 481 U.S. 1030, 107 S.Ct. 1958, 95 L.Ed.2d 530 (1987).

We hold that a Rule 33 motion based upon "newly discovered evidence" is limited to where the newly discovered evidence relates to the elements of the crime charged. Newly discovered evidence of ineffective assistance of counsel does not directly fit the requirements that the evidence be material to the issues involved, and indicate that a new trial probably would produce an acquittal. The fact that Hanoum's attorney

---

1. The Tenth Circuit, in interpreting language similar to that this court used in *Lara–Hernandez,* accepted the implication that ineffective assistance of counsel claims based on evidence not known to the defendant at the time of trial could constitute newly discovered evidence to support a Rule 33 motion for new trial. In *United States v. Johnson,* 12 F.3d 1540 (10th Cir.1993), the Tenth Circuit held that where it was discovered after trial that confidential files had, through attorney negligence, fallen into the hands of a government witness during the trial, the district court could properly address the merits of such a claim on a motion for new trial filed more than seven days after the verdict:

> We have said that "ineffective assistance of counsel may not serve as the basis for a motion for a new trial on the ground of newly discovered evidence under Rule 33 *where the facts alleged in support of the motion were within the defendant's knowledge at the time of trial.*" This implies that where the facts relevant to ineffective assistance are *not* known to the defendant until after trial, they may be raised on a "newly discovered evidence" motion under Rule 33.

*Id.* at 1548 (citations omitted). However, for reasons stated *infra,* we disagree with the Tenth Circuit's conclusion.

allegedly failed to do anything to prepare a case is material to whether he was effective or not, but not to whether Hanoum is innocent or guilty of the crimes charged. While it is true that the evidence he should have put on might have been material, that evidence itself was not what was newly discovered. Hanoum knew of such evidence, but did not know his counsel was allegedly repressing it. Additionally, evidence of ineffectiveness will seldom if ever indicate that a new trial would *probably* produce an acquittal. The same problem occurs: it is the underlying evidence suppressed or not presented by the attorney, not the attorney's ineffectiveness, that might produce the acquittal.

As the Fifth Circuit pointed out in *United States v. Ugalde*, 861 F.2d 802, 809 (5th Cir.1988), *cert. denied*, 490 U.S. 1097, 109 S.Ct. 2447, 104 L.Ed.2d 1002 (1989):

> If we were to create such an exception for evidence of ineffective assistance of counsel, we would greatly expand the opportunities to make a late request for a new trial. Defendants could easily search out some fact about their lawyer's pre-trial preparation, and make that fact the basis for an otherwise untimely motion for new trial.

■ Most importantly, a remedy exists. The newly discovered ineffective assistance of counsel (or conflict of interest) may be raised in a habeas corpus petition. Under habeas corpus, the court can look directly at what counsel should have done, and decide whether the defense was prejudiced, *Strickland v. Washington*, 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984), or if a conflict affected the attorney's performance. *Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980). Thus the extra step of looking at the effect of the ineffectiveness is already built into the analysis. In addition, the standard of review in ineffective assistance of counsel cases is lower than the stringent standard applied to newly discovered evidence cases, as the finality concerns are weaker because the ineffectiveness "asserts the absence of one of the crucial assurances that the result

of the proceeding is reliable." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

**B. Ineffective Assistance of Counsel:**

Hanoum also raises a claim on direct appeal that he was denied effective assistance of counsel, due to the same alleged conflict of interest. "[T]he customary procedure in this Circuit for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255, and this Court has been chary of analyzing insufficiency of counsel claims on direct appeal." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir.1984) (citations omitted), *cert. denied*, 470 U.S. 1058, 105 S.Ct. 1772, 84 L.Ed.2d 832 (1985). This court usually declines to reach ineffectiveness challenges on direct appeal, because the claim cannot be advanced without development of facts outside the record. The same approach has been taken for claims of ineffectiveness due to a conflict of interest. *See United States v. Miskinis*, 966 F.2d 1263, 1268–69 (9th Cir.1992).

■ This court can consider a claim of ineffective assistance of counsel on direct appeal if the record is sufficiently complete to allow us to decide the issue. *Id.* at 1269. Hanoum claims that the facts and arguments put forth in his combined motion for new trial under Rule 33 and under § 2255, as well as the motion for reconsideration, and the supplemental petition in support of the § 2255 motion, create an adequate record for this court to find ineffective assistance of counsel.

■ However, the allegations found in the papers filed by Hanoum are just that: mere allegations. Without a hearing to make factual findings regarding Hanoum's trial attorney's alleged conflicting interests in Hanoum's assets and his wife, it is impossible to make a finding as to whether such a conflict really existed. "The record before us illustrates precisely why ineffective assistance claims cannot generally be evaluated on direct appeal." *United States v. Wagner*, 834 F.2d 1474, 1483 (9th Cir.1987), *cert. denied*, — U.S. —, 114 S.Ct. 1110, 127 L.Ed.2d 420 (1994). When a claim of ineffectiveness is based on a conflict of interest, particularly a pecuniary conflict between the client and his attorney, it is especially important to develop the facts of the conflict in a

hearing, as the conflict will never be apparent from the trial court record.

Therefore, we decline to reach Hanoum's claims of ineffective assistance of counsel at this time. Hanoum is free to bring a subsequent petition pursuant to 28 U.S.C. § 2255 before the district court. Due to the unique procedural and factual posture of this case, the Assistant United States Attorney has acknowledged in open court that the issues surrounding ineffectiveness of counsel should be decided on the merits in a new § 2255 proceeding as to which that office has no objection. If such a petition is filed, it should not be barred by collateral estoppel or other procedural bars.

## C. Application of the Sentencing Guidelines:

### a. Failure to make a finding regarding "relevant conduct":

Hanoum argues that the district court erred in its application of the sentencing guidelines, by failing to make a factual finding regarding the amount of methamphetamine which was within the scope of Hanoum's agreement to manufacture or was reasonably foreseeable to Hanoum. This argument lacks merit.

Hanoum relies upon *United States v. Conkins*, 9 F.3d 1377, 1386 (9th Cir.1993), for the proposition that in a conspiracy conviction, the sentencing judge "may only sentence a defendant for relevant conduct within the scope of the defendant's agreement that was reasonably foreseeable in connection with the criminal activity the defendant agreed to undertake jointly." However, *Conkins* is inapposite to the case at bar. In *Conkins*, the defendants were convicted of conspiracy, and their sentences were calculated on the basis of the total quantity of drugs imported pursuant to that conspiracy. The evidence at trial only showed that the defendants in question were involved in three or four out of 26 trips made in the conspiracy. Unlike in *Conkins*, in the case at bar there were not several distinct transactions occurring. All of the evidence relied upon at sentencing was found at the scene of the lab from which Hanoum was seen exiting. Therefore, there was evidence that Hanoum was aware of the entire scope of the operation, rather than being just an actor in one phase of a larger operation as in *Conkins*.

■ Hanoum relies on this court's decision in *United States v. Navarro*, 979 F.2d 786, 788–89 (9th Cir.1992) as support for his claim that this court should remand for resentencing, because at sentencing, the district court did not make an express factual finding in support of its use of the total amount of drugs the lab was capable of producing. However, the district court did not err, because it expressly adopted the findings of the presentence report, and those facts supported Hanoum's involvement in the methamphetamine lab's production. "The court may adopt the factual findings of the presentence report. It may not, however, adopt conclusory statements unsupported by facts or the Guidelines." *Navarro*, 979 F.2d at 789 (citation omitted). The factual findings adopted by the district court were supported by the facts in evidence, such as the methamphetamine on Hanoum's clothes and the fact that items belonging to Hanoum were found within the lab, including a Derringer pistol. The conclusion reached by the district court and the presentence report was also supported by the Guidelines, which allow the sentencing judge to take into account the production capability of the lab. *See* U.S.S.G. § 2D1.4 [2] & Application Note 2 [3] (both deleted in 1992); *United States v. Putney*, 906 F.2d 477 (9th Cir.1990).

*Navarro* is inapposite because unlike in this case, there was no evidence in *Navarro* linking the defendant to the rest of an ongoing conspiracy after an initial sale. The district court in *Navarro* specifically found that the defendant was the least involved in the conspiracy, but then proceeded to sentence

---

2. U.S.S.G. § 2D1.4, in effect at the time Hanoum was sentenced, reads in relevant part: *"Attempts and Conspiracies:* Base Offense Level: If a defendant is convicted of a conspiracy ... the offense level shall be the same as if the object of the conspiracy or attempt had been completed."

3. Application Note 2 reads in relevant part: "Where ... the amount seized does not reflect the scale of the offense, the sentencing judge shall approximate the quantity of the controlled substance. In making this determination, the judge may consider ... the size or capacity of any laboratory involved."

him on the basis of all sales made in the course of the conspiracy. In contrast, in this case the district court not only adopted the findings of the presentence report, but went on to cite evidence in the record which supported Hanoum's involvement. Therefore, Hanoum's argument that the district court erred in failing to make factual findings regarding his relevant conduct lacks merit. The district court did make such factual findings, and these findings are reviewed for clear error. *Conkins,* 9 F.3d at 1384. There is no indication that the district court clearly erred in making these findings.

Hanoum also raises the fact that one expert, Ms. Chew, testified that two types of methamphetamine, using two methods of manufacture were present. He claims that district court erred in failing to make a factual finding regarding the different types and methods, and Hanoum's responsibility for each type. This argument also lacks merit. A finding that Hanoum was involved in the entire enterprise would include a finding that he was involved regardless of the type produced or the method used. Hanoum fails to cite any authority for the proposition that the district court needs to address the different types of methamphetamine at sentencing.

*b. Failure to make a finding regarding Hanoum's role:*

Hanoum claims that the district court erred by failing to make a finding as to Hanoum's role in the offense. At sentencing, counsel for Hanoum asked for a sentence adjustment based upon the minor or minimal role Hanoum played in the offense, pursuant to U.S.S.G. § 3B1.2. Hanoum now claims that the district court erred because it did not make a factual finding on this issue.

Hanoum's argument must fail, because the district court did make a finding regarding Hanoum's role, and adopted the findings of the presentence report, as discussed *supra.* Hanoum's reliance upon *United States v. Garfield,* 987 F.2d 1424 (9th Cir.1993) is mis-

placed. While it is true that "[i]f a criminal defendant alleges a factual inaccuracy in the presentence report, the sentencing court is required either to make a finding as to the accuracy of the challenged factual proposition or to indicate that the court is not taking it into consideration," *id.* at 1428, here there was no allegation of factual inaccuracy. The claims made by Hanoum's counsel at sentencing were not objections to the accuracy of the presentence report, but rather were claims of the existence of evidence which was not presented at trial, which might have led to the conclusion that Hanoum played a minor role in the offense. The district court considered these, but rejected them.

We review the district court's application of the sentencing guidelines de novo, but we give due deference to the district court's application of the guidelines to the facts. *United States v. Howard,* 894 F.2d 1085, 1087 (9th Cir.1990). We affirm the district court's refusal to give a minimal role reduction to Hanoum in this case, as the evidence before the district court fully supported the denial of such an adjustment, and the only evidence which would support such a reduction was unsubstantiated at the time of sentencing.

AFFIRMED