50 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pamela Allen GREEN, Defendant-Appellant.
 No. 94-50184.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 9, 1995.
Decided March 16, 1995.
 
 Before: CANBY and NOONAN, Circuit Judges; KING, District Judge.*
 MEMORANDUM**
 On August 30, 1993, Pamela Allen Green was convicted of one count of conspiracy to misapply money and funds belonging to the Security Pacific National Bank in violation of 18 U.S.C. Sec. 371 and three counts of aiding and abetting the misapplication of bank funds in violation of 18 U.S.C. Secs. 2, 656. On April 12, 1994, the district court granted Green's motion for new trial based on newly discovered evidence pursuant to F.R.C.P. 33. The government appeals the district court's decision to grant a new trial. We reverse, and remand for sentencing.
 At trial, the government presented evidence to establish that Green had participated in the misapplication of funds along with three other individuals, namely Swinton Phillip and Edward C. Kim of the Security Pacific National Bank, and Maria Oliphant a real estate broker. On a total of four occasions, Phillip and Kim wired money to bank accounts controlled by Green and/or Oliphant. In return, Green wired approximately 80% of the funds back to Phillip and Kim at still other accounts controlled by the two. In her defense, Green claimed that she did not know the misapplied funds belonged to the Bank. Instead, she claimed that she believed Phillip was sending her the money in furtherance of a real estate deal. Phillip denied the existence of any real estate deal; Green offered virtually no documentation or corroborating evidence.
 In support of her motion for new trial, Green presented a letter purportedly hand written by Maria Oliphant only four days after the jury returned its verdict. The letter states, among other things, that "on at least one occasion [Phillip] told me that he was interested in buying Pamella Greens [sic] house in Coral Springs and also other property in Florida." Green claimed that her evidence as to Maria Oliphant should be considered newly discovered because her failure to discover the evidence resulted not from a lack of diligence, but instead from the ineffective assistance of her counsel. At a hearing on the motion for new trial, Mr. Phillip Davis admitted in open court that his assistance to Green had been sub-par, and that he had instructed Green not to seek Oliphant's testimony out of a paranoid fear that Oliphant might "be working for the government."
 However, as this court has previously held in Baumann v. United States, 692 F.2d 565 (9th Cir.1982), and United States v. Hanoum, 33 F.3d 1128 (9th Cir.1994), evidence cannot be considered "newly discovered" if "the failure to produce the evidence during trial was the product of ineffective assistance of counsel." Baumann, 692 F.2d at 580. Instead, a motion for new trial based on newly discovered evidence must meet the five requirements reiterated in United States v. Sitton, 968 F.2d 947, 959-60 (9th Cir.1992), independent of any claim of ineffective assistance of counsel. As this court has previously stated,
 If we were to create such an exception for evidence of ineffective assistance of counsel, we would greatly expand the opportunities to make a late request for a new trial. Defendants could easily search out some fact about their lawyer's pre-trial preparation, and make that fact the basis for an otherwise untimely motion for new trial. Hanoum, 33 F.3d at 1131.
 The district court's order for a new trial is REVERSED and REMANDED.
 
 
 
 *
 The Honorable Samuel P. King, Senior United States District Judge, District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3