77 F.3d 491
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ramiro RAMIREZ-GONZALEZ, Defendant-Appellant.
 No. 95-10277.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 7, 1996.*
Decided Feb. 12, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ramiro Ramirez-Gonzalez appeals his sentence imposed following his guilty plea to conspiracy to manufacture, distribute and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846. Ramirez-Gonzalez contends that the district court violated Fed.R.Crim.P. 32(c)(3)(D) (now 32(c)(1)) by failing to make findings at the time of sentencing regarding his challenges to the Presentence Report ("PSR"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo United States v. Hanoum, 33 F.3d 1128, 1133 (9th Cir.1994), cert. denied, 115 S.Ct. 1702 (1995), and affirm.
 
 
 3
 Federal Rule of Criminal Procedure 32(c)(1) requires a district court to make findings as to all disputed matters or "a determination that no such finding is necessary because the matter controverted will not be taken in account, or will not affect, sentencing." See also United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 (9th Cir.1990) (en banc). If the district court fails to make the required findings or determinations, the sentence must be vacated and the defendant resentenced. Id.
 
 
 4
 Ramirez-Gonzalez contends that the district court violated Rule 32 by failing to make explicit findings as to whether: (1) he was entitled to a minor role adjustment pursuant to U.S.S.G. § 3B1.2, (2) he was subject to an upward adjustment for possession of a weapon under U.S.S.G. 2D1.1(b)(1), and (3) he was entitled to a downward departure on the basis that this criminal history score was overrepresented.
 
 
 5
 We conclude that the district court correctly complied with Rule 32 because it expressly adopted the findings of the PSR after allowing Ramirez-Gonzalez the opportunity to dispute the PSR's findings at the presentencing hearing. See United States v. Williams, 41 F.3d 496, 498 (9th Cir.1994). ("[W]here the district court received the PSR and the defendant's objections to it, allowed argument to be made and then adopted the PSR, no more is required under Rule 32(c)(3)(D).").[1]
 
 
 6
 We note, moreover, that at the hearing Ramirez-Gonzalez did not challenge the accuracy of any of the factual findings that underlie his challenges to the PSR. Rather, he challenged only the legal inferences drawn from those facts. See United States v. Rigby, 896 F.2d 392, 394 (9th Cir.1990). Accordingly, Ramirez-Gonzalez's contention that the district court violated Rule 32 by failing to make the requisite findings as to these challenges at the time of the sentencing hearing lacks merit. See Fernandez-Angulo, 897 F.2d at 1516 (holding that Rule 32 requires the district court to make findings at the sentencing hearing when a defendant alleges a factual inaccuracy in the PSR).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject Ramirez-Gonzalez's contention that adoption of the PSR was insufficient because the PSR failed to make specific findings as to whether Ramirez-Gonzalez was entitled to a downward adjustment for his "minor" role in the offense. The PSR implicitly rejected a minor role adjustment when it found that the facts did not warrant any downward adjustment for Ramirez-Gonzalez's role in the offense