116 F.3d 1486
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Stephen BOSCHETTI, Defendant-Appellant.
 No. 96-10438.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 7, 1997.*
Decided June 25, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CR-95-00214-FMS; Fern M. Smith, District Judge, Presiding.
 Before: HUG, Chief Judge, CHOY and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stephen Boschetti appeals his conviction for two counts of aiding and abetting the knowing making of false statements for the purpose of influencing the actions of federally insured financial institutions in violation of 18 U.S.C. §§ 1014 and 2(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Boschetti first claims that he received ineffective assistance of counsel in violation of the Sixth Amendment because his trial counsel, Dennis Bourquin, made unreasonable trial decisions and had a conflict of interest. Normally, we decline to reach claims of ineffective assistance of counsel on direct appeal because the claim cannot be advanced without further development of facts outside the record. United States v. Hanoum, 33 F.3d 1128, 1131 (9th Cir.1994), cert. denied, 115 S.Ct. 1702 (1995). However, if the record is sufficiently complete, as it is in this case, we will make this determination on direct appeal. Id.
 
 
 4
 To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate "(1) that counsel's actions were 'outside the wide range of professionally competent assistance,' and (2) that the defendant was prejudiced by reason of counsel's actions." United States v. Layton, 855 F.2d 1388, 1414 (9th Cir.1988), cert. denied, 489 U.S. 1046 (1989), (citing and quoting Strickland v. Washington, 466 U.S. 668, 687-90 (1984)). Boschetti has failed to demonstrate either incompetence or prejudice.
 
 
 5
 In applying the first prong of the Strickland test, we employ a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. The Government sought to introduce documents relating to the sale of the real estate that was the subject of the fraudulently obtained loans. These documents allegedly contained forged signatures although there was no evidence indicating that Boschetti was the forger. Outside the presence of the jury, the district judge, expressing the need to keep the trial focused on the crimes for which Boschetti was charged, sua sponte questioned the Government about the relevance of these documents. The Government contended that the documents were relevant because they showed that Boschetti had an interest and a reason to benefit from the submission of the false loan applications. After considering the Government's argument, the district judge did not exclude the documents. Because the judge raised the point and decided not to exclude the documents, an objection by Bourquin would have been unavailing. Furthermore, the documents were related to the transaction in question and within the judge's discretion to admit. Therefore Bourquin's decision not to object to the introduction of the documents at that point was reasonable.
 
 
 6
 Boschetti also argues that because Bourquin was currently representing a Government witness, Michael Evans, in an unrelated civil matter, this created a conflict of interest that was prejudicial. Bourquin had expressed concern about the possible conflict and thus Evans was not called as a witness and his testimony was reduced to a stipulation. On cross-examination, Boschetti disagreed with a part of that stipulated testimony.
 
 
 7
 If there was an "actual conflict of interest [that] adversely affected" counsel's performance, we will presume prejudice. Id. at 692 (quoting Cuyler v. Sullivan, 446 U.S. 335, 350 (1980). However, the presumption of prejudice is not implicated in this case because Boschetti has failed to demonstrate that there was an actual conflict of interest, which requires a showing that the attorney "actively represented conflicting interests." Id. The record only reflects that Bourquin represented Evans in a civil matter that was unrelated to Boschetti's criminal trial; there is no indication that Bourquin was actively representing conflicting interests. Furthermore, having Evans' testimony presented by stipulation rather than having Boschetti disagree with a live persuasive witness was reasonable trial strategy.
 
 
 8
 Finally, Boschetti claims that a chart that the Government attempted to use during closing argument was so prejudicial as to warrant a new trial. The chart, which included a caricature of Boschetti portraying him as a "greedy fat pig," was not shown to the jury and was only seen by the jury inadvertently, if at all. Even if the jury viewed the caricature and understood the message it was meant to portray, it could not "have affected the jury's discharge of its duty to judge the evidence fairly." United States v. Frederick, 78 F.3d 1370, 1379 (9th Cir.1996). The caricature does not require a new trial.
 
 The judgment of the district court is
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3