119 F.3d 7
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael W. CHEW, Defendant-Appellant.
 No. 96-10221.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997**
Decided July 18, 1997.
 
 Before: HUG, Chief Judge, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael W. Chew appeals pro se the distinct court's order denying Chew's Fed.R.Crim.P. 33 motion for a new trial challenging his 1993 jury conviction of eight counts of fraudulent concealment of property in a bankruptcy proceeding in violation of 18 U.S.C. § 152. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, United States v. Reyes-Alvarado, 963 F.2d 1184, 1188 (9th Cir.1992), and affirm.
 
 
 3
 A Rule 33 motion brought more than seven days after the verdict or finding of guilty must be based upon newly discovered evidence. See Fed.R.Crim.P. 33. "[A] Rule 33 motion based upon 'newly discovered evidence' is limited to where the newly discovered evidence relates to the elements of the crime charged." United States v. Hanoum, 33 F.3d 1128, 1130 (9th Cir.1994). For newly discovered evidence to warrant a new trial, the defendant must show: "(1) the evidence is newly discovered ...; (2) the evidence is material, not merely cumulative or impeaching; (3) the evidence will probably produce an acquittal; and (4) failure to learn of the evidence sooner was not due to lack of diligence." See United States v. Walgren, 885 F.2d 1417, 1428 (9th Cir.1989).
 
 
 4
 Chew contends that he is entitled to a new trial based on newly discovered evidence because after reopening the bankruptcy case Chew discovered (1) evidence establishing that there was no loss involved in the underlying bankruptcy, and (2) evidence that would impeach the bankruptcy trustee, the prosecutor, and the trial court.
 
 
 5
 The evidence which Chew seeks to offer is insufficient to warrant a new trial. Chew was convicted of "knowingly and fraudulently conceal[ing] from a custodian, trustee, marshal, or other officer of the court charged with the control or custody of property, ... any property belonging to the estate of the debtor." See 18 U.S.C. § 152. The evidence Chew seeks to offer does not relate to the elements of his crime and is not material. See Hanoum, 33 F.3d at 1130; Walgren, 885 F.2d at 1428. The remainder of Chew's claims were properly denied as untimely. See Fed.R.Crim.P. 33.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3