UNITED STATES of America,
Plaintiff—Appellee,

v.

Tony Christopher ALLEN,
Defendant—Appellant.

No. 01–30048.
D.C. No. CR–99–00027–HJF.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 2002.

Decided Jan. 16, 2002.

Before THOMAS, GRABER, and GOULD, Circuit Judges.

MEMORANDUM *

Tony Allen appeals his conviction, after a jury trial, for mailing a threatening letter to a prosecutor in violation of 18 U.S.C. § 876.

Allen first argues that the district court erred by denying without an evidentiary hearing Allen's motion for a new trial based on alleged juror misconduct. Six months after a jury verdict finding him guilty, Allen filed a motion for a new trial on the asserted ground that a juror was prejudiced against him and should not have been allowed to serve.

■ Under Rule 33 of the Federal Rules of Criminal Procedure, a motion for

13. *Id.* at 1146.

\* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

a new trial on any grounds other than newly discovered evidence must be made within seven days of the verdict or finding of guilty or within such further time as the court may fix within the seven-day period. In *United States v. Hanoum*, 33 F.3d 1128, 1130 (9th Cir.1994), *cert. denied*, 514 U.S. 1068, 115 S.Ct. 1702, 131 L.Ed.2d 564 (1995), we held "that a Rule 33 motion based upon 'newly discovered evidence' is limited to whether the newly discovered evidence relates to the elements of the crime charged." Here, Allen's motion did not relate to the elements of the crime charged but rather to the conduct of the trial itself. Furthermore, the evidence was not in any sense "newly discovered" because, as Allen concedes, he told his attorney during trial of the alleged bias but his attorney did not act on this information. Allen's motion came six months too late and did not involve newly discovered evidence. The trial court properly denied it, without a hearing, for lack of jurisdiction.

Second, Allen argues that his conviction should be reversed because the prosecutor improperly bolstered and vouched for government witnesses and evidence in closing argument. We are required to view these claims by an "examination of the entire proceedings," *see Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974), i.e., "in the context of the entire trial." *United States v. Henderson*, 241 F.3d 638, 652 (9th Cir.2000) (citation omitted), *cert. denied*, 532 U.S. 986, 121 S.Ct. 1634, 149 L.Ed.2d 494 (2001). After careful review of the entire proceedings, we hold that the prosecutor's closing arguments in context were not improper.

**AFFIRMED.**