**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Frank MUNGIA, Defendant—Appellant.**

**No. 00–50504.**

**D.C. No. CR–00–00030–WJR–1.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 4, 2002 *.

Decided Feb. 7, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before PREGERSON, RYMER, and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

Defendant Frank Mungia was convicted of wire fraud and money laundering in connection with the "money leasing" operations of his company, Capital Enhancement Corporation (CEC). On appeal, he urges the reversal of his conviction on three grounds. First, he argues that he was denied effective assistance of counsel because one of his defense attorneys suffered either from actual conflicts of interest that likely had an adverse effect on his representation, or from potential conflicts

of interest into which the district court failed to make adequate inquiry. Second, he claims that evidence concerning letter communications between Victor Kirkland and business broker Ray Elwood was improperly excluded pursuant to Fed. R.Crim.P. 16. Third, he maintains that the government failed to adduce sufficient evidence to prove the *scienter* element of the charged offenses.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

■ Claims of ineffective assistance of counsel are generally not susceptible to resolution on direct appeal because they require the development of facts not in the record. *United States v. Hanoum,* 33 F.3d 1128, 1131 (9th Cir.1994); *see also United States v. Robinson,* 967 F.2d 287, 290 (9th Cir.1992) (discussing exceptions). This case is no exception. Accordingly, we decline to review Mungia's ineffective-assistance claims at this time. Those claims may be developed in Section 2255 proceedings.

■ Mungia's Rule 16 argument and his contentions regarding the sufficiency of the evidence are obviously without merit. The record makes it clear that no letter evidence involving Ray Elwood was excluded by the trial court on the basis of Rule 16. The record also leaves no doubt that a rational jury could have found that Mungia *knowingly* acted to defraud the clients of CEC and to launder funds derived from that unlawful activity. According to Kirkland's testimony, Mungia knew that Kirkland was not a bank with funds to back up the Confirmation of Account Letters that he was issuing; nevertheless, Mungia instructed him to issue the Let-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. The court grants Mungia's unopposed request for judicial notice.

ters, stating that it didn't matter whether funds would be available because Mungia's clients would not be in a position to complain.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.