**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Davonne Lamar HOWARD,**
**Defendant—Appellant.**

**No. 02–30042.**
**D.C. No. CR 00–0135 FR.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 10, 2003.

Decided Feb. 25, 2003.

Before WALLACE, TROTT and TASHIMA, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

MEMORANDUM *

Davonne Lamar Howard ("Howard") appeals a final judgment of conviction after denial of a motion to suppress on April 5, 2001, a jury verdict of guilt on June 13, 2001, and a denial of a motion in arrest of judgment and for a new trial based on ineffective assistance of counsel. He was convicted under 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm, under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) for possession with intent to distribute a controlled substance, and under 18 U.S.C. § 922(k) for possession of a firearm with an obliterated serial number. The district court had jurisdiction pursuant to 18 U.S.C. § 3231. This court has jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.[1]

■ Howard first argues that the district court erred in denying his motion in arrest of judgment and for a new trial. He contends that his trial counsel's failure to move to sever the felon in possession count from the other counts constituted ineffective assistance of counsel warranting a new trial. Although, generally, ineffective assistance of counsel claims should be raised in a collateral proceeding under 28 U.S.C. § 2255, so that a proper factual record can be developed, the issue may be considered on direct appeal where the record is sufficient. *See United States v. Hanoum*, 33 F.3d 1128, 1131–32 (9th Cir. 1994). While the government argues that Howard should not be able to raise this issue on direct appeal, it does not indicate what is missing from the record or what further facts necessary to the disposition of the claim could be developed in a § 2255 proceeding.

1. Because the parties are familiar with the facts and prior proceedings in this case, we will not repeat them here, except to the extent necessary to explain our reasoning.

Howard's trial counsel withdrew and submitted a declaration stating that she viewed her failure to move for severance as a legal error. She also stated that she had no strategic reason for not moving to sever the counts.[2] We conclude that the record is sufficient for us to consider Howard's claim. *See United States v. Molina,* 934 F.2d 1440, 1446–47 (9th Cir.1991).

An ineffective assistance of counsel claim is reviewed *de novo. United States v. Omene,* 143 F.3d 1167, 1170 (9th Cir. 1998). To establish ineffective assistance, Howard must demonstrate that counsel's performance fell below an objective standard of reasonableness, and that the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ In this case, we need not consider whether counsel's performance was deficient because Howard's argument fails on the second prong of the *Strickland* test. Assuming, *arguendo,* that counsel's performance was deficient, Howard has failed to establish that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The evidence against Howard was strong: Officer Scruggs testified that he observed Howard place a box and toss a smaller object into a car that was later found to contain several baggies of marijuana, a "large quantity" of cocaine, $6,280 in cash, a magazine with 9 millimeter rounds and a gun; he also observed Howard place something by the car in the very spot where a bag of crack cocaine and a live round of .38 caliber ammunition were found; a pat down of Howard revealed $1,250 in his possession at the time of the arrest.

In addition, the jury's exposure to information about Howard's prior conviction, which was an element of the felon in possession charge, was minimal. Neither the district court nor the prosecutor detailed the prior conviction to the jury. The judge, in preliminary remarks, merely mentioned the word "possession" in conjunction with the prior conviction, but immediately on defense counsel's objection, the court rephrased the description of the indictment. Finally, the court repeatedly instructed the jury to consider the prior conviction only as proof of the element of the crime of felon in possession of a weapon.[3] Howard has not shown that he was prejudiced by a failure to sever, even assuming that a motion to sever would have been granted; therefore, his claim of ineffective assistance of counsel must fail.

■ Howard also argues that we should reverse the trial court's denial of his motion to suppress, arguing that the officers did not have probable cause to search inside the car. Police may search a vehicle without a search warrant where they would have probable cause for a warrant to issue. *California v. Acevedo,* 500 U.S. 565, 579–80, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991); *United States v. Dunn,* 946 F.2d 615, 618–19 (9th Cir.1991). Probable cause exists when "the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief

---

**2.** Howard has also secured new counsel on appeal, obviating another reason for avoiding the issue on direct review (*i.e.,* the same counsel on appeal as at trial, the adequacy of whose performance at trial is being challenged).

**3.** Although a curative instruction may be insufficient to eliminate prejudice where a jury has heard more about a prior conviction, *see*

*United States v. Lewis,* 787 F.2d 1318, 1322 (1986) (expressing skepticism about the efficacy of instructions to cure jury exposure to information regarding defendant's prior convictions), in this case, where the exposure was minimal and the other evidence was strong, the curative instruction provides cumulative support for lack of prejudice.

that contraband or evidence of a crime will be found." *Ornelas v. United States,* 517 U.S. 690, 696, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996) (citation omitted). The legality of a warrantless search is reviewed *de novo. Id.* at 699. Underlying factual findings are reviewed for clear error. *Id.*

In this case, officers observed bullets both outside and inside the car. A reasonable person would believe that where bullets are found, guns are also likely to be found. The officers had also found drugs right next to the car at the spot where Howard had bent down just after placing objects in the car. They were also familiar with Howard's record and had been called out due to a disturbance. These known facts and circumstances were sufficient to warrant a belief that evidence of a crime would be found in the car.

For the foregoing reasons, the judgment of conviction is

**AFFIRMED.**