**UNITED STATES of America,**
**Plaintiff—Appellee,**

**v.**

**Carlos SANTOS–CARBAJAL,**
**Defendant—Appellant.**

**No. 02–50440.**
**D.C. No. CR–01–00530–TJH–01.**

United States Court of Appeals,
Ninth Circuit.

Submitted May 7, 2003.*

Decided May 21, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See    Fed. R.App. P. 34(a)(2).

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

## MEMORANDUM **

Carlos Santos–Carbajal appeals his 135–month sentence following his guilty plea to conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846 and possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). Santos argues that the district court erred in refusing to grant a downward departure for sentencing factor manipulation and in failing to make adequate findings regarding drug composition and quantity. We affirm.

## DISCUSSION

### 1. *Sentencing Factor Manipulation*

■ Santos argues that the district court failed to make adequate findings in rejecting his claim of sentencing factor manipulation and that the court erroneously assumed that it could not depart. The record, however, is clear that the court exercised its discretion not to make a downward departure. The court made adequate findings when it determined that Santos was in fact predisposed to commit the offense charged. Further, while the court referenced the applicable ten-year mandatory minimum sentence, it did so after rejecting defendant's sentencing entrapment argument. Nothing in the record suggests that the court felt in any way constrained not to depart for sentencing factor manipulation because of the ten-year mandatory minimum. Such a discretionary decision is unreviewable. *See United States v. Romero*, 293 F.3d 1120, 1126 (9th Cir.2002), *cert. denied*, —— U.S. ——, 123 S.Ct. 948, 154 L.Ed.2d 844 (2003).

### 2. *Drug Composition and Quantity Findings*

■ Santos argues for the first time on appeal that the district court should have made a more searching inquiry into the nature of the drug mixture involved in the offense to determine if any material within the mixture constituted a severable carrier medium under Application Note 1 to USSG § 2D1.1. The district court is entitled, however, to adopt the PSR's factual findings, without further explanation, where they are supported by the record. *See United States v. Hanoum*, 33 F.3d 1128, 1132 (9th Cir.1994). Nothing in the record suggests that the mixture included any carrier mediums.

■ Finally, Santos suggests that the PSR's use of the actual weight of the methamphetamine, rather than the weight of the mixture, raises due process concerns under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the indictment references a mixture. This argument is moot because the district court sentenced Santos based on the weight of the methamphetamine mixture, consistent with the allegation in the indictment.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.