**UNITED STATES of America, Plaintiff——Appellee,**

v.

**Toradj NARAGHI, Defendant–Appellant.**

**No. 01–10340.**

**D.C. No. CR–00–00150–SOM.**

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 29, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

### MEMORANDUM**

Toradj Naraghi appeals his 240–month sentence, imposed following a guilty-plea conviction for possession with intent to distribute methamphetamine and heroin in violation of 21 U.S.C. § 841(a)(1), as enhanced by a prior felony drug conviction under 21 U.S.C. § 851. As Naraghi's plea agreement and waiver of appellate rights are valid, we dismiss the appeal.

Naraghi attempts to invalidate the waiver of appeal by claiming a breach of the plea agreement. Under de novo review,

** This disposition is not appropriate for publication and may not be cited to or by the

see *United States v. Quach,* 302 F.3d 1096, 1100 (9th Cir.2002), we find no violation of the plea agreement.

■ The Government did not breach the plea agreement by refusing to move for a "substantial assistance" downward departure pursuant to U.S.S.G. § 5K1.1, because the plea agreement left this determination to the Government's discretion, and because we find no arbitrary, unconstitutional, or bad faith motive on the part of the Government. *See United States v. Leonti,* 326 F.3d 1111, 1119 (9th Cir.2003).

The remainder of Naraghi's arguments regarding breach of the plea agreement are based on his interpretation of its terms. Plea agreements are contractual in nature and therefore measured by contract law standards. *United States v. Trapp,* 257 F.3d 1053, 1056 (9th Cir.2001). Whether language in a plea agreement is ambiguous is reviewed de novo. *United States v. Clark,* 218 F.3d 1092, 1095 (9th Cir.2000). We find Naraghi's interpretation of the express language of the plea agreement unconvincing, and accordingly find no breach.

■ Next, Naraghi apparently attempts to invalidate his guilty plea by contending that the district court did not inform him that the Government must allege drug quantity and type in the indictment, and prove it beyond a reasonable doubt. Any error by the district court, however, was rendered harmless when Naraghi admitted in the plea agreement and at the plea hearing that he possessed a specified amount of methamphetamine with a purity level sufficient to qualify as "ice" under U.S.S.G. § 2D1.1(c) n. C. *See United States v. Minore,* 292 F.3d 1109, 1120 (9th

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Cir.2002), *cert. denied*, 537 U.S. 1146, 123 S.Ct. 948, 154 L.Ed.2d 848 (2003).

Naraghi's attempt to invalidate his sentence and therefore his guilty plea by claiming that the district court did not follow the procedures set forth in 21 U.S.C. § 851(b) is likewise without merit, because the district court did nothing that would invalidate the guilty plea. *See United States v. Severino*, 316 F.3d 939, 947–48 (9th Cir.2003) (en banc).

We decline to consider on direct appeal Naraghi's claim that his trial counsel was ineffective. *See United States v. Hanoum*, 33 F.3d 1128, 1131–32 (9th Cir.1994).

DISMISSED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.