**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**David Kevin WAGNER, Defendant—**
**Appellant.**

No. 03–10330.

United States Court of Appeals,
Ninth Circuit.

Submitted March 18, 2005.*

Decided March 22, 2005.

Craig S. Denney, Esq., Reno, NV, for Plaintiff–Appellee.

Richard F. Cornell, Esq., Reno, NV, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: NOONAN, THOMAS, and FISHER, Circuit Judges.

## MEMORANDUM **

David Wagner appeals the district court's denial of his motion to withdraw his guilty plea for possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841.

■ Before reaching the merits of the denial, the Government contends that Wagner waived his right to appeal as part of his plea agreement. We disagree. When plea agreements are contested, the Government is held "to the literal terms of the agreement, and ordinarily must bear responsibility for any lack of clarity." *United States v. Baker*, 25 F.3d 1452, 1458 (9th Cir.1994). Here, Wagner's plea agreement waiver facially bars only an appeal from the sentence. As Wagner's present appeal is the denial of a motion to withdraw a guilty plea, it is not one of the barred sentencing issues.

■ Wagner claims that the district court erred in denying his motion to withdraw his guilty plea. Under Rule 11(d) of the Federal Rules of Criminal Procedure, Wagner must show a fair and just reason for withdrawing his plea. *See United States v. Nostratis*, 321 F.3d 1206, 1208 (9th Cir.2003) (citing Fed.R.Crim.P. 11(d)(2)(B)). The burden is upon Wagner to meet this standard. *Id.*

Wagner's primary basis for the withdrawal of his pleading was our holding in *United States v. Crawford*, 323 F.3d 700 (9th Cir.2003) (*Crawford I*), that officers may not conduct suspicionless searches of a parolee's or probationer's residence despite probation agreements to the contrary. However, this decision was vacated and called en banc. *United States v.*

*Crawford*, 343 F.3d 961 (9th Cir.2003). The en banc decision, *United States v. Crawford*, 372 F.3d 1048 (9th Cir.2004), assumed over the objection of several concurring judges, but did not decide, that such searches violate the Fourth Amendment. In light of this holding, whether suspicionless searches are permitted by parole agreements remains an unanswered question. *See United States v. Kincade*, 379 F.3d 813, 863 n. 24 (9th Cir.2004) (en banc) (Gould J., concurring). Wagner argues that the cases underlying our decision in *Crawford I* are still good law and that we may reach the same conclusions found there. These same precedents were available to Wagner when he pled guilty. To allow Wagner to use a defense always present only after his guilty plea has been made is not a "fair and just" reason to allow the withdrawal of the plea.

Wagner argues, in the alternative, that his counsel was ineffective. "The customary procedure in this Circuit for challenging the effectiveness of defense counsel in a federal criminal trial is by collateral attack on the conviction under 28 U.S.C. § 2255, and this Court has been chary of analyzing insufficiency of counsel claims on direct appeal." *U.S. v. Hanoum*, 33 F.3d 1128, 1131 (9th Cir.1994) (citations omitted). As it now stands, the record is insufficient for us to draw any conclusions on the effectiveness of Wagner's counsel.

AFFIRMED.

■

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.