**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jose Angel Madrigal REYNOSO,
Defendant—Appellant.**

**No. 03–30222.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2004.*

Decided Aug. 11, 2005.

Matthew H. Thomas, Esq., Douglas James Hill, Esq., USTA–Office of the U.S. Attorney, Tacoma, WA, for Plaintiff–Appellee.

Mark W. Muenster, Esq., Vancouver, WA, for Defendant–Appellant.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**640**

Before: HALL, LEAVY, and FISHER, Circuit Judges.

ORDER and MEMORANDUM **

The petition for panel rehearing is granted.

The Memorandum Disposition filed June 24, 2004, is **WITHDRAWN** and replaced with the following Memorandum Disposition:

Jose Angel Madrigal Reynoso appeals the sentence imposed following his guilty plea conviction for use of a communications facility to facilitate a drug transaction, in violation of 21 U.S.C. § 843(b) and (d), and unlawful entry by an alien, in violation of 8 U.S.C. § 1352(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we remand.

Reynoso contends that his counsel was ineffective because he failed to advocate for a downward adjustment of Reynoso's sentence under U.S.S.G. § 2D1.1(b)(6). Because resolution of Reynoso's ineffective assistance of counsel claim requires the development of facts outside the record, we decline to review it on direct appeal. *See United States v. Hanoum*, 33 F.3d 1128, 1131–32 (9th Cir.1994) (observing that ineffective assistance claim is more properly raised by collateral attack under 28 U.S.C. § 2255).

The Sentencing Guidelines are no longer mandatory and we cannot determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory. *See United States v. Ameline*, 409 F.3d 1073, 1074 (9th Cir. 2005) (en banc). On remand, therefore, the district court should also consider in its

discretion Reynoso's sentence in light of *Ameline*.

**REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

