MEMORANDUM *
Appellant Michael Galloway contests his 188-month sentence for being a felon in possession of a firearm and possession of an unregistered firearm. Galloway had previously been sentenced to 235 months in prison as an armed career criminal, but the Ninth Circuit vacated that sentence in light of United States v. Grisel, 488 F.3d 844 (9th Cir.2007) (en banc). On resen-tencing, the district court adopted the findings of an amended presentence report (“PSR”), and sentenced him to 188 months. In this appeal, Galloway gives various reasons that his sentence should be vacated. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
First, Galloway contends that the sentencing court committed procedural errors in the resentencing process. Specifically, he contends that the court failed to make the necessary factual findings to support certain enhancements, and that the court failed to explain adequately its chosen sentence. Both these arguments fail. While the district court did not make a specific factual finding, it adopted the facts as set out in the amended PSR. Such an adoption is sufficient to support application of the enhancements. United States v. Hanoum, 33 F.3d 1128, 1132 (9th Cir.1994). And while the court did not explain its sentence at length, the PSR explained its calculation thoroughly, and the court did explain that its chosen sentence was justified based on Galloway’s extensive criminal history. Given the relatively straightforward facts of this case, the explanation was sufficient. United States v. Carty, 520 F.3d 984, 995 (9th Cir.2008) (en banc).
Next, Galloway contends that the facts do not support one enhancement that was applied to his sentence. Galloway’s sentence was enhanced based on the district court’s conclusion that Galloway had possessed a gun in the course of a drug- *831 dealing business, but Galloway contends that the facts do not support such a conclusion. This argument fails. The court heard testimony at the sentencing hearing from which it could conclude that a gun was indeed used in connection with drug dealing. See United States v. Gonzales, 506 F.3d 940, 947 (9th Cir.2007) (en banc) (noting that the enhancement in question may be applied even where a gun “had some potential emboldening role” in felonious conduct).
Third, Galloway contends that his sentence violates the double jeopardy clause, since Galloway’s status as an ex-felon meant that by possessing an unregistered firearm he had automatically committed two separate crimes. However, Galloway concedes that the crimes for which he was convicted had different elements. Since each conviction required proof of a fact that the other did not, his conviction for the two crimes does not constitute double jeopardy. See Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
Fourth, Galloway argues that the sentencing court failed to group properly his crimes under § 3D1.1 of the Sentencing Guidelines. However, examination of the revised PSR reveals that the offenses were, in fact, grouped. The PSR calculated its base offense level by looking to only one conviction, and subsequently added a series of enhancements. The PSR did not, as Galloway seems to believe, calculate an offense level based on both crimes of conviction.
Finally, Galloway asserts that the law of the case doctrine prevented the district court from adopting new enhancements at resentencing that were not included in the original sentence. However, the prior Ninth Circuit panel remanded this case on an open record, citing to United States v. Matthews, 278 F.3d 880, 889 (9th Cir.2002) (en banc). Matthews provides that a re-sentencing court may consider any matters relevant to sentencing, “even those that may not have been raised at the first sentencing hearing.” Id. at 885. The district court’s decision to consider such new matters therefore does not violate the law of the case doctrine.
Galloway’s sentence is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.