

FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 05 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30132 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00057-RHW-1 |
| v. | |
| J. SCOTT VRIELING, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Robert H. Whaley, Senior District Judge, Presiding

Submitted June 2, 2014**
Seattle, Washington

Before: McKEOWN and WATFORD, Circuit Judges, and WHYTE, Senior
District Judge.***

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Ronald M. Whyte, Senior District Judge for the U.S.
District Court for the Northern District of California, sitting by designation.

J. Scott Vrieling appeals from a conviction of failure to pay taxes under 26 U.S.C. § 7203. For at least a year leading up to the trial, Vrieling represented to the court that he was seeking counsel diligently and filed motions seeking a continuance, all the while following the advice of a certain Mr. Ewing to delay the proceedings. Ultimately, the district court concluded that Vrieling had waived his right to counsel because his "failure to secure counsel was the result of dilatory conduct, and further delay to permit [him] to seek counsel would be futile." Vrieling received a sentence, which included 24 months of imprisonment.

After his conviction, Vrieling retained counsel who filed a motion for new trial under Federal Rule of Criminal Procedure 33 allegedly based on newly discovered evidence that Ewing defrauded Vrieling and the court. The district court denied the motion as untimely because (1) it was not based on newly discovered evidence that related to the elements of the crime charged as required by *United States v. Hanoum*, 33 F.3d 1128 (9th Cir. 1994), and (2) it was filed more than 14 days after the verdict was returned and was thus untimely. Vrieling appeals the denial of his motion for new trial.

As Vrieling acknowledges, the district court properly denied the motion for new trial. This court held in *Hanoum* "that a Rule 33 motion based upon 'newly discovered evidence' is limited to where the newly discovered evidence relates to

the elements of the crime charged. Newly discovered evidence of ineffective assistance of counsel does not directly fit the requirements that the evidence be material to the issues involved, and indicate that a new trial probably would produce an acquittal." *Id.* at 1130. Vrieling asks us to "create an exception to [] *Hanoum*." We decline to do so.

Vrieling also raises ineffective assistance of counsel. "Claims of ineffective assistance of counsel are generally inappropriate on direct appeal . . . . [unless] (1) [] the record on appeal is sufficiently developed to permit review and determination of the issue, or (2) [] the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *United States v. McKenna*, 327 F.3d 830, 845 (9th Cir. 2003) (internal quotation marks omitted). Direct appeal is not the proper avenue for determining what relief, if any, Vrieling is due on this claim. *See Hanoum*, 33 F.3d at 1131–32.

**AFFIRMED.**

3